530 So.2d 441 (1988)
David HARGROVE, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-1032.
District Court of Appeal of Florida, Fourth District.
August 31, 1988.
Geoffrey C. Fleck of Friend & Fleck, South Miami, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and John W. Tiedemann, Asst. Atty. Gen., for appellee.
DOWNEY, Judge.
Appellant, David Hargrove, Jr., appeals from a judgment of conviction and sentence of life imprisonment without parole for twenty-five years for the crime of first-degree murder.
Factually, the case arose out of a homicide following a fight between Hargrove and a man known as Rock. The fight was broken up by John McNeil. The combatants left the scene but Hargrove allegedly *442 returned shortly thereafter in a car from which he fired two shots at McNeil, killing him. Embrey, an eyewitness testifying for the state, claimed he saw the fight, the return of Hargrove to the scene and the shooting. Although it was nighttime and not very light he saw the gunman's face. Later at two photo lineups he could not positively identify a picture of the gunman. Some weeks later he did identify Hargrove at a live lineup. Hargrove denied returning to the scene; instead he had an alibi defense of leaving town with his girlfriend who corroborated his story.
Appellant presents seven appellate points which in his judgment require reversal. We have carefully considered all of them and agree with Hargrove on at least three of them. We find no error demonstrated in points one and two. Point three appears to involve an erroneous ruling but it is harmless in view of Hargrove's own testimony on the stand that he was twice convicted of felonies.
Appellant raises the issue of the state's alleged exercise of peremptory challenges so as to systematically exclude blacks from the jury. The forty-member jury venire contained five black jurors. Three of them reached the jury box and were excused by the state via peremptory challenges. Hargrove objected contending that the challenges were racially motivated thus necessitating an inquiry by the trial judge as described in State v. Neil, 457 So.2d 481 (Fla. 1984). We conclude from our consideration of the voir dire examination of the three jurors in question, the state's peremptory challenges, and the defense objection that a more serious inquiry into the state's reasons for challenging said jurors was required. Instead an explanation as to only one juror (Jenkins) was made and it was inadequate. Thus, we believe the teachings of Neil require reversal on this point.
The next error asserted by appellant occurred when the state called another witness, Lawson, in an attempt to show that Hargrove shot McNeil. Lawson, who was at the scene where the fight had occurred, testified that a car pulled up on the sidewalk behind him and shortly thereafter John McNeil passed him on the sidewalk and was shot. He did not see who shot McNeil nor did he see Hargrove there at any time, in the car or out of it. Over defense objection the state asked Lawson if just before he heard the shots he heard someone in the crowd say something. Lawson answered "Yes. Some people were standing there and they said  They said, `Panna did come back with his shit.'" "Panna" is Hargrove's nickname and Lawson explained that in street language "shit" could mean anything  a gun, a knife, or anything. The state attempts to justify the admission of this hearsay statement as an excited utterance or spontaneous statement. However, the record does not support a sufficient foundation for its admission on those grounds. The time frame leading up to the alleged statement is prior to the shooting and the statement is alleged to have come out of the crowd  it was not attributed to any particular person. Among factors to be considered in determining whether the necessary state of stress or excitement is present are the age and the physical and mental condition of the declarant. State v. Jano, 524 So.2d 660 (Fla. 1988). There was no showing that the declarant witnessed either the earlier fight or the shooting. Moreover, it was not established that the statement was made while the declarant was perceiving the event or immediately thereafter, or while still under the stress of excitement caused by the event, as required under the above hearsay exceptions. Because the record fails to support the statement's admissibility as a spontaneous statement or excited utterance, we find that the trial court erred in admitting the statement into evidence.
Appellant's next contention involves another witness, Leroy Martin, who was allowed over objection to testify to a telephone conversation he received in which the caller identified himself as "Panna Cat" (Hargrove's nickname). Martin testified that the caller first claimed he had not shot anyone, but then stated, "I thought I shot him in the leg because when I left he was standing." The state contends this statement was admissible as an admission against interest and well it might be if *443 Hargrove made it. However, the record is woefully weak in establishing the identity of the caller. First of all, the call was initiated by a third person. Martin testified, "I received a phone call supposedly been from Panta Cat [sic]. I can't swear to him [sic] it was him because I get crank calls all the time." He stated further that he had never spoken to Hargrove on the phone and that he had only heard Hargrove's voice "a couple of times in my lifetime of growing up." "I would say it sounded somewhat like it  I can't guarantee it. I won't swear to it." Finally, on cross-examination, Lawson admitted he could not describe Hargrove's voice because he really was not sure he ever heard his voice. By failing to properly connect the appellant's voice to that of the caller, the prosecution did not lay a proper predicate for the admissibility of the telephone communication and its admission into evidence was error. Manuel v. State, 524 So.2d 734 (Fla. 1st DCA 1988).
In our judgment, the inadequate treatment of the voir dire objection, the admission of the unidentified statement from the crowd and the admission of the alleged telephone call from Hargrove to Martin could well have caused the guilty verdict in this case of weak identification of the alleged killer. For these reasons we reverse the judgment and sentence and remand the cause for a new trial.
GLICKSTEIN and DELL, JJ., concur.