540 So.2d 870 (1989)
Donald PARRISH, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-2586.
District Court of Appeal of Florida, Third District.
February 28, 1989.
Rehearing Denied April 18, 1989.
Bennett H. Brummer, Public Defender, and Beth C. Weitzner, Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Jacqueline M. Valdespino, Asst. Atty. Gen., for appellee.
Before NESBITT, BASKIN and COPE, JJ.
BASKIN, Judge.
Donald Parrish, a black defendant,[1] appeals his conviction for sale of cocaine. He contends that the trial court committed reversible error in failing to conduct the inquiry mandated by State v. Neil, 457 So.2d 481, 486 (Fla. 1984), clarified sub nom *871 State v. Castillo, 486 So.2d 565 (Fla. 1986), and State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). We agree and reverse.
During voir dire, the state used one of its peremptory challenges to strike the only black prospective juror. Defense counsel called the court's attention to the state's use of a peremptory challenge to excuse that juror. The trial judge interrupted defense counsel and stated:
THE COURT: Did you need to make [Neil] inquiry?
MR. ITKIN [defense counsel]: Yes.
MS. PARR [prosecutor]: State would voluntarily strike her.
THE COURT: I don't think it reaches the level of a Neil inquiry of striking a singular black juror. If State wants to volunteer a rationale?
MS. PARR: Probably the most important thing in this case is going to be identification of the defendant in an eyewitness sense. [Prospective juror] Carey said there was someone in the town who looked like her and she was constantly mistaken for this person. For that reason, I don't think she can be a fair juror.
THE COURT: Okay. Again for the record, the Court does not find that the threshold of the Neil inquiry has been met.
The all white jury found Parrish guilty of sale of cocaine. Parrish filed this appeal.
According to Neil, a presumption exists that peremptory challenges will be exercised in a nondiscriminatory manner. A party concerned about an opponent's use of peremptory challenges must demonstrate, following a timely objection, that the challenged individuals are members of a distinct racial group, and that there is a strong likelihood that the challenges are based solely on race. Neil. Any doubt as to whether the moving party has met the burden should be resolved in that party's favor. Slappy; Johnson v. State, 537 So.2d 117 (Fla. 1st DCA 1988).
In the case before us, defense counsel's objection met the threshold test. Counsel promptly called the court's attention to the state's exercise of a peremptory challenge to excuse the only black person in the venire. There was no indication that the challenged juror would be partial or unfair. The striking of the only black member demonstrated a strong likelihood that the juror was rejected on racial grounds. Pearson v. State, 514 So.2d 374, 375 (Fla. 2d DCA 1987) (court held that defendant "established a prima facie case of racial discrimination violative of the fourteenth amendment based on the state's use of a peremptory challenge to strike the only representative of [defendant's] race from the jury venire ..."), review dismissed, 525 So.2d 881 (Fla. 1988). The state's challenge left the panel without a single black member. See Blackshear v. State, 521 So.2d 1083, 1084 (Fla. 1988) (where state excluded all members of a cognizable group from the panel resulting in not a single black member remaining on the panel, burden of proof shifted to state); Floyd v. State, 511 So.2d 762, 763 (Fla. 3d DCA 1987) (where state used peremptory challenges to remove all black persons from venire "presumption of discriminatory use of peremptory challenges did arise... ."); see also Slappy, 522 So.2d at 21 ("Indeed, the issue is not whether several jurors have been so excused because of their race, but whether any juror has been excused, independent of any other.") and cases cited therein; but see Smith v. State, 538 So.2d 926 (Fla. 1st DCA 1989) (where defense counsel "merely went on record noting that [black] prospective jurors had been challenged" defense failed to demonstrate that there was a strong likelihood that the state challenged those jurors solely on racial grounds).
Once the moving party demonstrates the likelihood of racial bias, the burden of proof shifts to the state to rebut that inference by furnishing a "`clear and reasonably specific' racially neutral explanation of `legitimate reasons' for the state's use of peremptory challenges." Slappy, 522 So.2d at 22; see McCloud v. State, 530 So.2d 56 (Fla. 1988). The trial court may not accept the reasons proffered at face value, but must evaluate the explanation just as it would weigh any disputed fact. "Part of the trial judge's role is to evaluate both the credibility of the person *872 offering the explanation as well as the credibility of the asserted reasons. These must be weighed in light of the circumstances of the case and the total course of the voir dire, in question, as reflected in the record." Slappy, 522 So.2d at 22; Tillman v. State, 522 So.2d 14, 16 (Fla. 1988). When the trial court permitted the state to "volunteer a rationale," the state cited the experience with misidentification. The court decided that the threshold for a Neil inquiry had not been met; it did not evaluate the state's explanation. Cf. King v. State, 514 So.2d 354, 357 (Fla. 1987) ("The trial judge listened to and questioned this woman, listened to counsels' argument, and evaluated the credibility of all concerned on this issue."), cert. denied, ___ U.S. ___, 108 S.Ct. 2916, 101 L.Ed.2d 947 (1988). Furthermore, the record suggests that the reason voiced by the state may have been a mere pretext for its conduct.[2] Another prospective juror, a white male named Thomas, also related an experience with misidentification,[3] but was not challenged. See Floyd, 511 So.2d at 764 (where state's reason for striking black juror was a "superstition against young students" fact that a white student was not challenged by the state strong evidence that explanation was a subterfuge).
For these reasons, we hold that the trial court committed reversible error in failing to conduct a full Neil inquiry. See Blackshear; Neil; Hargrove v. State, 530 So.2d 441 (Fla. 4th DCA 1988).
Reversed and remanded for a new trial.
NOTES
[1] In Del Sol v. State, 537 So.2d 693 (Fla. 3d DCA 1989), this court held that "[a] defendant, whatever his race, has standing to challenge the arbitrary exclusion of members of any race for ... jury service." We mention defendant's race solely because our decision conflicts with decisions released by other district courts of appeal on the standing issue. Torres v. State, 541 So.2d 1224 (Fla. 2d DCA 1989); Kibler v. State, 501 So.2d 76 (Fla. 5th DCA 1987).
[2] In Slappy, the court set forth a nonexclusive list of factors which weigh against the legitimacy of a race-neutral explanation. When any of the factors are present and the state fails to rebut the inference convincingly, the court must find that the state's reason is a pretext. Slappy, 522 So.2d at 22. The factor pertaining to a challenge based on reasons equally applicable to a juror who was not challenged is present in this case.
[3] The record reflects:

MR. ITKIN [defense counsel]: ... Does anybody believe that an eyewitness who makes a subsequent identification is infallible? ... . Who thinks they are possibly fallible? I see a lot of nods. Mr. Thomas you were nodding?
JUROR THOMAS: Yes.
MR. ITKIN: Have you experienced yourself or seen an example of that in your own life... .?
JUROR THOMAS: It was a case I was involved in. The lady swore it was him but later found out the man was not in town. But I believed her.