542 So.2d 434 (1989)
Jacqueline SAMPSON, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1968.
District Court of Appeal of Florida, Fourth District.
April 26, 1989.
*435 Richard L. Jorandby, Public Defender, Allen J. DeWeese, Asst. Public Defender, and Mickell Branham, Certified Legal Intern, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Joan Fowler, Asst. Atty. Gen., West Palm Beach, for appellee.
GARRETT, Judge.
During voir dire, Ms. Hopkins, a black woman, was called as a prospective juror. Upon questioning, she related that members of her family had been arrested, one had served a prison term, and one had been the victim of several crimes. The State exercised its first peremptory challenge in excusing her.
Thereafter, Ms. Francis, a black woman, was called as a prospective juror. Upon questioning, she related that she was single, employed as a customer service representative, had never served as a juror, had never been involved in a lawsuit, and had never been the victim of a crime. The state exercised its second peremptory challenge in excusing her.
Thereupon, through counsel, the appellant, a black woman, objected:
Judge, I think there is evidence of systematic exclusion and the State exercised only two strikes against two of the very few minorities on the panel being the same minority as my client and I object and move to strike the panel.
The Court: At this point the objection is denied. Any strikes by the Defense?
In determining whether peremptory challenges have been used to exclude persons from jury service due to constitutionally impermissible prejudice, the issue is not whether several jurors have been excused because of their race, but whether any juror has been so excused, independent of any other. State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).
The appellant made a timely objection and demonstrated on the record that the challenged persons were members of a distinct racial group and that there was a strong likelihood that they have been challenged solely because of their race. See State v. Neil, 457 So.2d 481 (Fla. 1984), clarified sub nom. State v. Castillo, 486 So.2d 565 (Fla. 1986). Any doubt as to whether the complaining party has met its initial burden of showing a constitutionally impermissible exercise of peremptory challenges should be resolved in the complaining party's favor. Slappy, 522 So.2d at 22.
The trial judge should have been satisfied that the appellant's objection as to the peremptory challenge of Ms. Francis was proper and not frivolous. He should have conducted an inquiry into the state's basis for excusing her. The state should have been required to rebut the inference created when the appellant met his initial burden of persuasion. The rebuttal must consist of a "clear and reasonably specific" racially neutral explanation of "legitimate reasons" for the state's use of its peremptory challenge. Id.
No inquiry was conducted, therefore, the state never met its burden of rebutting the inference that Ms. Francis was peremptorily challenged for constitutionally impermissible reasons. We reverse and remand for a new trial.
REVERSED AND REMANDED.
ANSTEAD and LETTS, JJ., concur.