543 So.2d 1258 (1989)
Joseph KNOWLES, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 87-3156.
District Court of Appeal of Florida, Fourth District.
March 8, 1989.
On Rehearing May 31, 1989.
Rehearing Denied July 19, 1989.
Richard L. Jorandby, Public Defender, and Gary Caldwell, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, Michael J. Hellman and Lynn G. Waxman, Asst. Attys. Gen., West Palm Beach, for appellee.
PER CURIAM.
AFFIRMED.
DOWNEY, DELL and WARNER, JJ., concur.

ON REHEARING
WARNER, Judge.
Having reconsidered this case in light of State v. Slappy, 522 So.2d 18 (Fla. 1988) and the more recent case of Parrish v. State, 540 So.2d 870 (Fla. 3d DCA 1989), we conclude that the trial court committed reversible error in failing to conduct the inquiry mandated by State v. Neil, 457 So.2d 481 (Fla. 1984) and State v. Slappy. Therefore, we would grant the motion for rehearing and remand for a new trial.
During the voir dire examination of the jury, the state used one of its peremptory challenges to strike the sole black juror from the panel. One other black juror had been stricken for cause. The remaining juror was asked approximately eight questions, mainly dealing with her course of study at college. She indicated no problem with being able to follow the case.
When the State used its peremptory challenge to strike her, defense counsel objected and asked for a reason why the strike had been exercised.
MR: BRAWLEY: I'd like the court to take judicial notice that juror number three is a black person, women, (sic) and I'd like the State to give some reason why they are striking her.
MR. GEISLER: She's not responded to my questions, she's almost falling asleep while she is listening to Mr. Brawley's questions  presentation. I just don't think she can give her undivided attention in this case.
THE COURT: I don't won't [sic] a turn around, is she now?
MR. GEISLER: No, but she was.
... .

*1259 THE COURT: I note the defendant's position in this and for the record I would not find the State accusing this prospective juror under the basis of race.
The supreme court in State v. Slappy made clear that the issue under Neil:
is not whether several jurors have been excused because of their race, but whether any juror has been so excused independent of any other. This is so because `the striking of a single black juror for a racial reason violates the Equal Protection Clause, even where other black jurors are seated, and even when there are valid reasons for the striking of some black jurors.'
Slappy, 522 So.2d at 21 (quoting from United States v. Gordon, 817 F.2d 1538, 1541 (11th Cir.1987)).
In this case, the defense counsel properly raised a challenge to the striking of the remaining black juror on the panel. The burden then shifted to the State to support its use of the peremptory strike with neutral reasons based on answers provided at voir dire or otherwise disclosed on the record itself. Slappy, 522 So.2d at 23.
In this case, the State's explanation was that the juror was not responsive to his questions and that she was not being attentive. Neither explanation is justified by the record. In fact, the juror answered all questions put to her, and from the record it does not appear that her answers were in any way unresponsive. As to the juror's not being attentive, it is apparent that even the court failed to observe this alleged inattention. The trial court did not evaluate the explanation or determine that it was supported by the record, as the trial court must.[1]See Tillman v. State, 522 So.2d 14, 16 (Fla. 1988); Parrish. Therefore, the record is devoid of facts upon which the state's reasons for exercise of its peremptory challenge may be sustained. Without this factual analysis we are compelled to find that the trial court committed reversible error in failing to conduct a full Neil inquiry. Neil; Hargrove v. State, 530 So.2d 441 (Fla. 4th DCA 1988).
Reversed and remanded for a new trial.
DOWNEY and DELL, JJ., concur.
NOTES
[1] If in fact the challenged juror was sleeping through the voir dire, then the trial court could have noted these observations on the record. See Tillman, at 16, n. 17.