STONE, Judge.
The issue on appeal is whether the trial court erred in allowing the state to exercise a peremptory challenge which the defense contends was racially motivated. We reverse.
Twelve prospective jurors were questioned collectively and individually. At a bench conference to select the jury, the state announced that it was going to strike juror Addison, who, just as the defendant, was black. The defense objected, questioning the state’s motivation. The trial court required the prosecutor to give reasons for the challenge. The assistant state attorney responded that the juror “has much in common with the defendant — she is a native of Florida. She wasn’t really responsive to the questions. She is not paying real close attention.” The trial court concluded that this explanation was legally insufficient, at which time the state apparently withdrew its challenge and the process continued. The state subsequently accepted two other black jurors on the panel, and the court decided to permit the prior challenge of juror Addison. The assistant state attorney repeated that he considered that the juror was inattentive, adding that “she barely nodded her head [apparently referring to her part in a common response to questions asked of the panel as a whole] in the sense that she was listening or paying attention.” The record reveals that the only direct question by the state to this juror was whether she belonged to any organization, to which she had responded, “no.”
*180 Nothing was recited into the record to confirm or support the state’s allegation of lack of attention. Further, the record reflects that the court allowed the state to subsequently exclude the juror because two other black jurors would be on the panel. There was no change in the state’s previous explanation for the challenge.
In State v. Neil, 457 So.2d 481 (Fla. 1984), the supreme court established a method for protecting against the improper consideration of minority status in the jury selection process. Subsequently, in State v. Slappy, 522 So.2d 18 (Fla.1988), the court discussed how to evaluate whether the Neil test had been met, and what must be considered in evaluating the exclusion of minority jurors. The court stated that the trial judge should not consider whether other members of the same minority have been accepted as jurors on the panel in deciding whether there is a likelihood of systematic exclusion. Id. at 21. Rather, the issue should be whether any juror has been excused or accepted because of race, independent of any other. The court quoted from United States v. Gordon, 817 F.2d 1538, 1541 (11th Cir.1987):
the striking of a single black juror for a racial reason violates the Equal Protection Clause, even where other black jurors are seated, and even when there are valid reasons for the striking of some black jurors.
Slappy, 522 So.2d at 21. Any doubts as to whether the defense showing is sufficient to shift the burden to the state are to be resolved in favor of the defendant. Slappy, 522 So.2d at 22.
Thereafter, where the burden has shifted to the state, the rebuttal must be a “clear and reasonably specific” racially neutral explanation of legitimate reasons for the challenge. The court, in Slappy, also described how a trial court may determine whether the state’s explanation and proof in support of its challenge is reasonable, neutral, and not used as a pretext.
We agree that the presence of one or more of these factors will tend to show that the state’s reasons are not actually supported by the record or are an impermissible pretext: (1) alleged group bias not shown to be shared by the juror in question, (2) failure to examine the juror or perfunctory examination, assuming neither the trial court nor opposing counsel had questioned the juror, (3) singling the juror out for special questioning designed to evoke a certain response, (4) the prosecutor’s reason is unrelated to the facts of the case, and (5) a challenge based on reasons equally applicable to juror [sic] who were not challenged.
Slappy, 522 So.2d at 22. See also Tillman v. State, 522 So.2d 14 (Fla.1988).
The trial court may not simply accept, at face value, the state’s rebuttal. Rather, the state’s explanation must be an uncontested fact, supported by the record, or supported by observations of the trial judge placed in the record. See Tillman v. State. We note that the trial judge in this case did not have the benefit of Slappy or Tillman at the time of trial.
Here, the state’s explanation failed to rise to the level required by Slappy. The state’s examination of the juror was perfunctory, and the reasons given by the state were not related to the facts of the case.
We note that the reasons asserted by the state in support of the challenge did not change after the court’s earlier determination that the challenge was a pretext. There is an insufficient basis in this record to offset the apparent consideration of the presence of other minority members on the panel as a factor in excusing the challenged juror.
Therefore, the judgment and sentence are reversed, and the case remanded for new trial.
LETTS and STONE, JJ., concur.
HERSEY, C.J., dissents with opinion.