LEHAN, Acting Chief Judge.
We reverse defendant’s conviction for robbery in violation of section 812.13(2)(c), Florida Statutes (1985), and remand for a new trial.
We agree with defendant’s contention that the trial court erred in failing to find that the state’s peremptory challenges of three of the five black prospective jurors, out of twenty prospective jurors, violated defendant’s constitutional right to equal protection of the laws.
As to one of those prospective jurors, the trial court, after finding a substantial likelihood that the challenge was based solely upon race, conducted an inquiry in that regard. At that inquiry the state sought to justify its challenge with the explanation that the juror was “inattentive” and “unresponsive” during voir dire questioning. This explanation is not supported and, in fact, appears refuted, by the record. See State v. Slappy, 522 So.2d 18, 23 (Fla.), cert. denied, — U.S.—, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). While, as the state argues on appeal, the record contains evidence which reflects another explanation of the peremptory challenge of this juror which was arguably valid and racially neutral, the state failed to articulate this explanation during the inquiry and thus failed to carry its burden of demonstrating a lack of discrimination. Id. at 22. Also, an expressed justification by the trial court for the exclusion of the juror, i.e., that the panel still contained one black juror, was not valid. See Slappy, 522 So.2d at 24; Stubbs v. State, 540 So.2d 255, 256 (Fla.2d DCA 1989).
As to the other two prospective jurors, the trial court erred in failing to conduct the foregoing type of inquiry. See Sampson v. State, 542 So.2d 434 (Fla. 4th DCA 1989). “[A]ny doubt as to whether the complaining party has met its initial burden should be resolved in [the complaining] party’s favor.” Slappy, 522 So.2d at 22.
Reversed and remanded for a new trial.
PARKER and PATTERSON, JJ., concur.