548 So.2d 255 (1989)
Richard TIMMONS, Appellant,
v.
STATE of Florida, Appellee.
No. 87-769.
District Court of Appeal of Florida, Second District.
July 14, 1989.
Rehearing Denied August 17, 1989.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Asst. Public Defender, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Davis G. Anderson, Jr., Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
This is an appeal from defendant's convictions for first-degree felony murder under section 782.04(1)(a)(2)(h), Florida Statutes (1985), and the underlying second-degree felony of aggravated child abuse under section 827.03.
One of the contentions on appeal of defendant, who is white, is that he is entitled to a new trial because the trial court erred in making no inquiry to determine whether the state's peremptory challenge of a black prospective juror was racially neutral. Since the only other black prospective juror had been excused for cause, that juror was in effect the only black prospective juror. During the pendency of this appeal the Florida Supreme Court decided in Kibler v. State, 546 So.2d 710 (Fla. 1989), that "under article I, section 16 of the Florida Constitution it is unnecessary that the defendant who objects to peremptory challenges directed to members of a cognizable racial group be of the same race as the jurors who are being challenged." Id. at 712.[1] Accordingly, this court's prior rulings to the contrary, which had been properly recognized by the trial court in this case, have been effectively overruled. Since, pursuant to Kibler, defendant had standing to raise his foregoing contention, we must rule upon it. See Wheeler v. State, 344 So.2d 244, 245 (Fla. 1977), cert. denied, 440 U.S. 924, 99 S.Ct. 1254, 59 L.Ed.2d 478 (1979) ("The decisional law in effect at the time an appeal is decided governs the issues raised on appeal, even where there has been a change of law since the time of trial."). In so ruling we, of course, follow the dictates of the United States Supreme Court and the Florida Supreme Court. In *256 so doing we must reverse and remand for a new trial.
The law governing defendant's foregoing contention was recently stated by the Fourth District Court of Appeal in Knowles v. State, 543 So.2d 1258 (Fla. 4th DCA 1989) [not released for publication], a case involving an apparently identical contention except that the race of defendant in that case was not identified. The Fourth District said:
Having reconsidered this case in light of State v. Slappy, 522 So.2d 18 (Fla. 1988) and the more recent case of Parrish v. State, 14 F.L.W. 565 [540 So.2d 870] (Fla. 3d DCA Feb. 28, 1989), we conclude that the trial court committed reversible error in failing to conduct the inquiry mandated by State v. Neil, 457 So.2d 481 (Fla. 1984) and State v. Slappy. Therefore, we would grant the motion for rehearing and remand for a new trial.
During the voir dire examination of the jury, the state used one of its peremptory challenges to strike the sole black juror from the panel. One other black juror had been stricken for cause... .
... .
The supreme court in State v. Slappy made clear that the issue under Neil is not whether several jurors have been excused because of their race, but whether any juror has been so excused independent of any other. This is so because "the striking of a single black juror for a racial reason violates the Equal Protection Clause, even where other black jurors are seated, and even when there are valid reasons for the striking of some black jurors." Slappy, 522 So.2d at 21 (quoting from United States v. Gordon, 817 F.2d 1538, 1541 (11th Cir. 1987)).
In this case, the defense counsel properly raised a challenge to the striking of the remaining black juror on the panel. The burden then shifted to the state to support its use of the peremptory strike with neutral reasons based on answers provided at voir dire or otherwise disclosed on the record itself. Slappy, 522 So.2d at 23.
In Knowles the state had attempted to sustain its burden of showing that its peremptory challenge was racially neutral by explaining that the challenged juror had not been responsive to questions and attentive. But the trial court in that case had not evaluated that explanation or determined that it was supported by the record, as was the trial court's obligation. See Tillman v. State, 522 So.2d 14, 16 (Fla. 1988); Parrish v. State, 540 So.2d 870 (Fla. 3d DCA 1989). The Fourth District therefore concluded that "the record is devoid of facts upon which the state's reasons for exercise of its peremptory challenge may be sustained. Without this factual analysis we are compelled to find that the trial court committed reversible error in failing to conduct a full Neil inquiry. Neil; Hargrove v. State, 530 So.2d 441 (Fla. 4th DCA 1988)." Id.
In the case at hand the state's explanation on appeal for challenging the juror was that she did not have any children. In this child abuse case the state evidently desired jurors who had children. We need not decide whether or not that explanation was insufficient on the basis that the juror's answers to questions on voir dire reflected that she felt there was a limit to punishing a child, that she could apply circumstantial evidence law to the case, that she could return a guilty verdict and recommend the death penalty if the evidence supported it, and that she had previously worked at a daycare center with young children. Here, as in Mack v. State, 545 So.2d 489 (Fla. 2d DCA 1989), a new trial is required because the state had not articulated that explanation to the trial court and thus had failed to carry its burden of demonstrating a lack of discrimination. See Slappy, 522 So.2d at 22. Also, here, as determined by the Fourth District in Knowles, the absence of an evaluation by the trial court of any explanation by the state and the absence of a determination by the trial court that such an explanation was supported by the record require that we reverse and remand for a new trial.
We agree with Judge Hersey that "it is no less a commitment to the eradication *257 of racism from the judicial process ... to apply a more cautious approach than one which assumes a racist motivation behind every peremptory challenge." Hill v. State, 547 So.2d 175, 177 (Fla. 4th DCA 1989) (Hersey, C.J., dissenting). See also Williams v. State, 547 So.2d 179 (Fla. 4th DCA 1989) (Hersey, C.J., dissenting). That is, before the burden shifts to the state to justify its peremptory challenge with racially neutral reasons, a defendant must make at least a prima facie showing of discrimination. Id. In this case, as in Knowles, defendant made the requisite showing by objecting to the state's sole peremptory challenge which was exercised as to the sole black juror on the venire after the other black juror on the venire had been excused for cause. Similarily, in Parrish the black defendant made the requisite showing by objecting to the state's peremptory challenge of the sole black prospective juror. See also Mack (defendant's objection shifted burden to state where state had peremptorily challenged three of five black prospective jurors). Sampson v. State, 542 So.2d 434 (Fla. 4th DCA 1989) (defendant's objection shifted burden to state where state had used its first two peremptory challenges against two of "the very few minorities on the panel.").
Reversed and remanded for a new trial.
RYDER, A.C.J., and PARKER, J., concur.
NOTES
[1] Kibler was decided during the pendency of defendant's motion for rehearing from this court's previously filed, and now withdrawn, opinion in this case which affirmed the trial court's ruling that defendant had had no standing to raise his foregoing contention. That motion for rehearing was supplemented by a request by defendant for a new trial on the basis of Kibler.