550 So.2d 496 (1989)
John Henry MAYES, Appellant,
v.
STATE of Florida, Appellee.
No. 88-1824.
District Court of Appeal of Florida, Fourth District.
October 11, 1989.
Rehearing Denied November 15, 1989.
*497 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Alfonso M. Saldana, Asst. Atty. Gen., West Palm Beach, for appellee.
FRANK, RICHARD H., Associate Judge.
John Henry Mayes was charged with and convicted of the burglary of a dwelling and petit theft. He raises three issues on appeal; we have considered each and find only one meritorious. The issue requiring reversal and remand for a new trial arises from the state's successful peremptory challenge of a black juror.
During jury selection the state struck two prospective jurors, one of whom was a black female, Hyacinth Goffe. In response to questions by the trial court, Goffe stated that she was employed as a practical nurse and had an eleven-year old daughter. The state, however, did not question Goffe. The other juror whom the state challenged was Helen Kelleher, a diet aide at a nursing home who had no young children.
Immediately after the state struck Goffe, Mayes moved for a mistrial, stating:
[the state] is striking one of the only three black jurors that we have here. I would allege systematic exclusion based on race, based on the fact that my client is of that same race. And at the very least, I would ask the court to inquire of [the prosecutor] what his reason is, if he intends to make any kind of a record, to show that it's not a systematic exclusion based on race.
The court asked the state to respond, but the prosecutor replied that he thought it premature to ask that he do so because he had not struck the next person "who is also black." The court disagreed and the state offered the following basis for excluding Goffe:
I would only point out that she responded in an answer to a question that she was a licensed practical nurse and that she has a daughter. It is my preference, *498 in just property crime type cases, not to seek members of the medical profession, and, the fact that she has a daughter that I feel is of tender years, she may be more concerned about caring for her daughter than the triable issues in this case.
In the light of that explanation the trial court asked the state if it would exclude any juror with those same characteristics, regardless of race, and the state replied it would. The court denied Mayes' motion for mistrial.
The principles governing the trial court's proper resolution of the matter generated by the state's challenge to Goffe may be summarized as follows: a party claiming racial discrimination in the exercise of a peremptory challenge must voice a timely objection to the challenge, demonstrate that the challenged person is a member of a distinct racial group and describe a likelihood that the challenge is motivated solely because of race. State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988); State v. Neil, 457 So.2d 481 (Fla. 1984). Once the trial court determines that the objection to the peremptory challenge is proper and not frivolous, the burden shifts and the challenging party must demonstrate "`a clear and reasonably specific' racially neutral explanation" for the peremptory challenge. Slappy, 522 So.2d at 22 (quoting Batson v. Kentucky, 476 U.S. 79, 98 n. 20, 106 S.Ct. 1712, 1724 n. 20, 90 L.Ed.2d 69 (1986)). In order to uphold the challenge, the court must conclude that the reasons given are neutral and reasonable, and not a pretext designed to achieve the racially based exclusion of a juror. The "Neil inquiry must necessarily focus on the reasons given by the prosecutor for making the challenge." Kibler v. State, 546 So.2d 710, 714 (Fla. 1989). The trial court's treatment of this matter fell short of the scrutiny required by Neil and Slappy.
Our task is to determine whether the state's reasons for the challenge of Goffe were racially neutral, reasonable, and not a pretext. We do not gainsay that a black juror's occupation may provide a reasonable basis for the exercise of a peremptory challenge, but that reason will not be sufficient in the face of Neil and Slappy without at least some showing of its relationship to the case at hand. Reed v. State, 14 F.L.W. 298 (Fla. 1989). Goffe's employment as a practical nurse was completely unrelated to the facts of the case. Indeed, the state failed to question Goffe regarding the effect her employment might have upon her ability to fulfill jury duty. Thus, the utter failure to question Goffe in those areas asserted as the grounds for the challenge at the very least renders the state's explanation suspect. Slappy, 522 So.2d at 22. The record discloses that one other juror was employed in the medical field as a lab technologist, yet that person went unchallenged by the state. A challenge based on reasons equally applicable to jurors who were accepted tends to show that the reasons relied upon in the exercise of the peremptory challenge were pretextual. Id. Moreover, the state did not question Goffe in an effort to support the belief that she might be preoccupied with caring for her daughter. Questioning may very well have revealed no cause for the state's concern. Furthermore, several of the seated jurors also had small children.
The state contends before us that two members of the sworn jury panel were black and that the exclusion of only one black juror foreclosed a pattern of systematic elimination inspired by race. The mere fact, however, that one or more members of the minority group had been seated does not establish the absence of racial discrimination. "[T]he issue is not whether several jurors have been excused because of their race, but whether any juror has been so excused, independent of any other." Slappy, 522 So.2d at 21. See also Tillman v. State, 522 So.2d 14 (Fla. 1988) (it was of no consequence that the state accepted one black juror to serve on the panel).
The state further seeks to support the trial court's determination claiming that Mayes never demonstrated a likelihood of discrimination with the result that the burden of proof never shifted to the state to *499 justify its challenge of Goffe. We have concluded that Mayes met the burden. See McCloud v. State, 530 So.2d 56 (Fla. 1988).
In sum, we are persuaded from our consideration of the record and the doctrines announced in Neil and Slappy that the state failed to bring its exclusion of Goffe within permissible boundaries and that the trial court failed to satisfy the Neil/Slappy inquiry requirements.
Accordingly, the appellant's judgment and sentence are reversed and this matter is remanded for the conduct of a new trial. Knowles v. State, 543 So.2d 1258 (Fla. 4th DCA 1989).
DELL and STONE, JJ., concur.