THREADGILL, Judge.
Elsie Cook appeals her conviction of first degree felony murder arising from the death of her young daughter. We find merit in her contentions that the court erred in allowing certain hearsay testimony and in failing to inquire into the state’s peremptory challenge and excusal of a black venireman. We reverse and remand for a new trial.
On the morning of June 30, 1986, the badly battered body of eighteen-month-old Shannon Cook was found near the old emergency room of the DeSoto Memorial Hospital in Arcadia, Florida. Subsequent investigation led to the arrest of the child’s mother, Elsie Cook, and her live-in boyfriend, Richard Timmons. Both Timmons and Elsie Cook were indicted for first degree felony murder and aggravated child abuse and were tried together as codefend-ants.
During the course of the trial, witnesses were called who had knowledge of statements made by one codefendant which concerned the other codefendant. The trial court had most of this testimony proffered out of the jury’s hearing and then carefully instructed the witnesses to avoid mentioning before the jury any statement by one codefendant which would implicate the other. During his defense, the codefendant, Richard Timmons, called his wife Beverly to testify, and on cross examination, Beverly Timmons admitted discussing the case with her husband. The following exchange occurred in the presence of the jury:
Q: And did Richard indicate to you who caused the injuries and ultimate death of Shannon Cook?
A: Yes, he has.
Q: What did he say in that regard?
A: That Elsie had done it.
The appellant objected and moved for a mistrial and a severance. The trial court withheld ruling and later denied the motion, stating that the defense had failed to timely object and that the error could be cured by instruction. We disagree. The testimony outlined above is clearly a violation of the standard set in Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 *1361 L.Ed.2d 476 (1968). The exact questions which elicited the harmful hearsay could have elicited a proper answer, and counsel, therefore, did not fail to timely object by waiting for the incriminating answer. The state and the witness had been admonished not to repeat anything Timmons had said about the involvement of his codefendant, and the appellant should have been able to rely on the court’s warning to the witness.
The harmless error doctrine will save certain Bruton violations from reversal, State v. Garcia, 240 So.2d 633 (Fla.1970); Verni v. State, 536 So.2d 1162 (Fla.2d DCA 1988), but it cannot be stated here that the error was harmless. The circumstances indicate that either or both of the codefendants could have committed this murder. Other than the appellant’s testimony, there was no eyewitness testimony about who did the killing. The appellant testified that the killing was done by Timmons and other than the hearsay at issue, there is no evidence to contradict her testimony. It cannot therefore be said that the error was harmless beyond a reasonable doubt. See Harrington v. California, 395 U.S. 250, 89 S.Ct. 1726, 23 L.Ed.2d 284 (1969).
The appellant also charges error in the failure of the court to inquire into the state’s peremptory dismissal of a black prospective juror during voir dire examination. The trial court found that because the appellant was not black, she did not have standing to object to the exclusion. Our supreme court has recently held, however, that a white defendant does have standing to challenge the exclusion of a black venireman, Kibler v. State, 546 So.2d 710 (Fla.1989), and that a failure to inquire into such an exclusion is reversible error. This court recently reversed and remanded the appellant’s codefendant, Richard Tim-mons, for a new trial based on this identical issue. See Timmons v. State, 548 So.2d 255 (Fla.2d DCA 1989). We decline the state’s invitation to revisit the issue in this case. In light of Kibler and Timmons, we find the trial court erred in excluding the black venireman without inquiry.
Because our decision on these two points is dispositive, we do not reach the appellant’s other points on appeal.
Reversed and remanded for a new trial.
LEHAN, A.C.J., and PATTERSON, J., concur.