557 So.2d 634 (1990)
Frederick FOSTER, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-594.
District Court of Appeal of Florida, Third District.
February 27, 1990.
Bennett H. Brummer, Public Defender, and Amber Donner, Sp. Asst. Public Defender, for appellant.
Robert A. Butterworth, Atty. Gen., and Giselle D. Lylen, Asst. Atty. Gen., for appellee.
Before HUBBART, BASKIN and GODERICH, JJ.
BASKIN, Judge.
Frederick Foster appeals his convictions and sentences for grand theft and resisting an officer without violence. We reverse.
Foster, a black male, was charged with grand theft of an automobile owned by Clara Suarez and with resisting an officer without violence. The case proceeded to trial. During voir dire, five of six black *635 prospective jurors were excused: one was dismissed for cause; one was dismissed peremptorily by the defense; and three were dismissed peremptorily by the state. After the state's third peremptory challenge, defense counsel objected on the ground that the challenges had been used to exclude blacks from the jury panel. The trial court requested the state to give its reasons for the exercise of its challenges. The state replied that two of the three prospective jurors had been excused because they said they would have a difficult time sitting in judgment of another and could follow the law only if compelled to do so.[1] The reason the prosecutor supplied for the third challenge was that the individual "is a stable person and I did not get a good feeling about [her]. I believe she was a widow, two children, she worked for custodian of the school board." Counsel for the state also mentioned that he was striking the third juror in order to reach another potential juror he felt was stable. Apparently accepting these reasons, the trial court overruled defense counsel's objection and jury selection continued. Prior to the impaneling of the jury, Foster's counsel renewed his objection, to no avail. The trial culminated in a verdict of guilt as to both offenses. The trial court entered convictions in accordance with the verdicts, and Foster filed this appeal.
The Florida Supreme Court established the procedure for determining whether peremptory challenges have been improperly utilized in a discriminatory manner. First, the defense "must make a timely objection and demonstrate on the record that the challenged persons are members of a distinct racial group and that there is a strong likelihood that the peremptory challenges are being exercised solely on the basis of race." State v. Neil, 457 So.2d 481, 486 (Fla. 1984). If the trial court decides that "there is a substantial likelihood that the peremptory challenges are being exercised solely on the basis of race," Neil, 457 So.2d at 486, then the burden shifts to the state to provide a "`clear and reasonably specific' racially neutral explanation of `legitimate reasons' for the state's use of its peremptory challenges." State v. Slappy, 522 So.2d 18, 22 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988).
In deciding whether the state has met its burden and has not merely provided reasons as a pretext for discriminatory conduct, the trial court must look for certain acts signaling the misuse of challenges, such as: "(1) alleged group bias not shown to be shared by the juror in question, (2) failure to examine the juror or perfunctory examination, assuming neither the trial court nor opposing counsel have questioned the juror, (3) singling the juror out for special questioning designed to evoke a certain response, (4) the prosecutor's reason is unrelated to the facts of the case, and (5) a challenge based on reasons equally applicable to juror [sic] who were not challenged." Slappy, 522 So.2d at 22.
In the case under consideration, the defense objected to the state's use of its peremptory challenges and demonstrated that the challenged people were members of a distinct racial group, the first step required by Neil. The trial court did not expressly find there was a strong likelihood that the challenges had been exercised solely on the basis of race, but impliedly made such a finding because it asked the state to provide reasons for its challenges. Although the court accepted the state's response as establishing its burden of proof, it should not have done so because the reasons furnished were not clearly racially neutral for all of the state's peremptory challenges.[2] The state's reason for its peremptory challenge of the third juror was obviously insufficient: a "feeling" about a juror does not satisfy the Neil test. Slappy, 522 So.2d at 23; Reed v. State, 14 F.L.W. 298 (Fla. June 15, 1989); *636 see also Floyd v. State, 511 So.2d 762 (Fla. 3d DCA), review denied, 545 So.2d 1369 (Fla. 1987). Furthermore, the prospective member's marital status or occupation are not valid reasons unless those facts have some connection to the facts of the case, Reed; Slappy; Mayes v. State, 550 So.2d 496 (Fla. 4th DCA 1989); no such connection is discernible in this record.
Additional evidence of improper use of challenges is the fact that the state accepted a single mother as a juror after it had excused the third juror because she was a widow with children. See Roundtree v. State, 546 So.2d 1042 (Fla. 1989); Parrish v. State, 540 So.2d 870 (Fla. 3d DCA), review denied, 549 So.2d 1014 (Fla. 1989); Floyd. As to the prosecutor's remaining reason, to reach another juror, we again find impropriety. Although "eliminating one juror in order to reach another is a legitimate basis for exercising a peremptory challenge," Kibler v. State, 546 So.2d 710, 714 (Fla. 1989), counsel must provide non-racial reasons for challenging black jurors instead of white jurors to make room on the jury. Kibler. After carefully examining the record, we conclude that the state did not carry its burden of providing a racially neutral explanation for its exercise of peremptory challenges even though the impaneled jury included one black member. See Slappy; Tillman v. State, 522 So.2d 14 (Fla. 1988); Floyd; Williams v. State, 551 So.2d 492 (Fla. 1st DCA 1989); Stubbs v. State, 540 So.2d 255 (Fla. 2d DCA 1989). Under these circumstances reversal is required.
Foster also argues that the trial court erred in denying his motion for judgment of acquittal after the state failed to establish that the vehicle stolen was not the property of Clara Suarez. We agree. To convict an individual of grand theft pursuant to section 812.014, Florida Statutes (1987), the state must prove the ownership of the stolen property in one other than the defendant. R.C. v. State, 481 So.2d 14 (Fla. 1st DCA 1985); see also C.B. v. State, 519 So.2d 686 (Fla. 3d DCA 1988); A.L. v. State, 359 So.2d 583 (Fla. 3d DCA 1978); Wilcox v. State, 183 So.2d 555 (Fla. 3d DCA 1966); Nelson v. State, 453 So.2d 473 (Fla. 2d DCA 1984); O'Bryan v. State, 359 So.2d 545 (Fla. 4th DCA 1978). Clara Suarez, the sole witness to testify as to ownership of the vehicle, was unable to remember the tag number of her automobile, and stated that she was uncertain whether anything would refresh her recollection. A document may be used to refresh recollection, but it may not be used to put words in a witness's mouth. Esperti v. United States, 406 F.2d 148 (5th Cir.), cert. denied, 395 U.S. 938, 89 S.Ct. 2005, 23 L.Ed.2d 458 (1969); see also Garcia v. State, 444 So.2d 969 (Fla. 5th DCA 1983), discussion quashed, conviction approved on other grounds, 476 So.2d 170 (Fla. 1985); C. Ehrhardt, Florida Evidence § 613.1 (1984). The automobile repair receipt shown to Clara Suarez did more than refresh her recollection; it supplied her the missing information without which the state was unable to prove ownership of the automobile. Foster's conviction for resisting a police officer without violence must be reversed because impaneling of the jury was based on improperly exercised challenges, denying him the right to an impartial jury. Art. I, § 16, Fla. Const.; Neil.
Reversed and remanded for new trial solely on the charge of resisting an officer without violence.
NOTES
[1] We note that the state did not challenge white jurors who gave similar responses.
[2] The reasons given for the first two peremptory challenges, that the prospective panel members could not follow the law unless compelled and could not sit in judgment of another, are racially neutral and valid. Woods v. State, 490 So.2d 24 (Fla.), cert. denied, 479 U.S. 954, 107 S.Ct. 446, 93 L.Ed.2d 394 (1986).