560 So.2d 1328 (1990)
Brian VERDELOTTI, Appellant,
v.
STATE of Florida, Appellee.
No. 88-02164.
District Court of Appeal of Florida, Second District.
May 2, 1990.
Norman S. Cannella of Norman S. Cannella, P.A., Tampa, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Candance M. Sunderland, Asst. Atty. Gen., Tampa, for appellee.
LEHAN, Judge.
Defendant appeals his convictions for trafficking in cocaine of less than 400 grams, in violation of section 893.135(1)(b)2, Florida Statutes (1985); possession of cannabis, in violation of 893.13(1)(e); and possession of diazepam, also in violation of 893.13(1)(e). Defendant also appeals his sentence for the trafficking conviction on the basis that that sentence improperly exceeded the guidelines. We affirm.
Defendant, who is white, first contends that the trial court erred in permitting the state to peremptorily exclude, over defendant's objection, one black juror. We do not agree. Defendant did not carry his burden of showing that "there is a strong likelihood that [the subject juror has] been challenged solely because of ... race." State v. Neil, 457 So.2d 481, 486 (Fla. 1984), as quoted in Riggins v. State, 557 So.2d 185 (Fla. 3d DCA 1990). See also Reed v. State, 560 So.2d 203 (Fla. 1990) There was no showing by defendant that "the state *1329 [has] engage[d] in a pattern of excluding a minority... ." State v. Slappy, 522 So.2d 18, 23 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988). The six person jury included one black juror. At the time the state exercised its foregoing peremptory challenge, at least two black jurors remained on the venire. Compare Bryant v. State, Nos. 71,356, 71,357, 71,258, 71,355 (Fla. Mar. 29, 1990) [15 F.L.W. S178, 179] (state had peremptorily challenged five prospective black jurors out of its first seven peremptory challenges); Foster v. State, 557 So.2d 634 (Fla. 3d DCA 1990) (state had peremptorily challenged three of five prospective black jurors); Timmons v. State, 548 So.2d 255, 257 (Fla. 2d DCA 1989) (state had peremptorily challenged the sole prospective black juror on the venire after another black juror had been excused for cause); Mack v. State, 545 So.2d 489 (Fla. 2d DCA 1989) (state had peremptorily challenged three of five black prospective jurors); Sampson v. State, 542 So.2d 434, 435 (Fla. 4th DCA 1989) (state used its first two peremptory challenges against two of the "very few minorities on the panel").
"It is no less a commitment to the eradication of racism from the judicial process ... to apply a more cautious approach than one which assumes a racist motivation behind every peremptory challenge." Hill v. State, 547 So.2d 175, 177 (Fla. 4th DCA 1989) (Hersey, C.J., dissenting), as quoted in Timmons, 548 So.2d at 256-57. "In trying to achieve the delicate balance between eliminating racial prejudice and the right to exercise peremptory challenges, we must necessarily rely on the inherent fairness and color blindness of our trial judges who are on the scene and who themselves get a `feel' for what is going on in the jury selection process." Reed, 560 So.2d at 206.
Defendant's other contention is that the trial court erred in including in the sentence for trafficking a one cell bump-up on the basis of the revocation of his probation to which defendant had been sentenced for two prior offenses. We disagree with that contention. See Frick v. State, 510 So.2d 1077 (Fla. 2d DCA 1987) (en banc). We also disagree with defendant's argument that Frick has been undermined by Lambert v. State, 545 So.2d 838 (Fla. 1989).
Affirmed.
SCHOONOVER, A.C.J., and PARKER, J., concur.