560 So.2d 1346 (1990)
Patrick DAVIS, Appellant,
v.
The STATE of Florida, Appellee.
No. 89-1343.
District Court of Appeal of Florida, Third District.
May 8, 1990.
Noel A. Pelella, for appellant.
Robert A. Butterworth, Atty. Gen., and Angelica D. Zayas, Asst. Atty. Gen., for appellee.
Before BARKDULL, NESBITT and GERSTEN, JJ.
GERSTEN, Judge.
Appellant, Patrick Davis, appeals his conviction and sentence for robbery. We affirm in part and reverse in part.
Appellant contends that: (1) the trial court erred in allowing appellant's inculpatory statement into evidence; (2) the trial court erred in allowing in-court identification of appellant into evidence; (3) the trial court erred in allowing the State to exercise a peremptory challenge excluding a potential juror because of race; and (4) the trial court erred in imposing a nonguideline sentence without giving written reasons.
Appellee, State, asserts that: (1) the appellant's statement was properly admitted; (2) the in-court identification of appellant was properly admitted; and (3) the trial court accepted the State's race-neutral reason for excluding a potential juror. The State concedes that the trial court should have provided written reasons for a guideline departure sentence.
The facts in this case involve a fortuitous set of circumstances where a recidivist criminal perpetrator was caught, shortly after robbing Shayna Schwartz. As Ms. Schwartz was leaving a hardware store, she observed two men approaching her. As she unlocked her car door she felt someone from behind her grabbing her purse. In an ensuing struggle, she turned around to face her antagonist and had the opportunity to look the robber directly in the eye. Her face was a scant 5 or 6 inches from the robber's face. As she struggled with the robber, she also had an opportunity to observe the robber's attire.
Robert Shore, the hardware store owner, also had an opportunity to observe the robber's attire and physical attributes. Mr. Shore, in fact, chased the robber for a *1347 short time, but did not see the robber's face.
An off-duty police officer was shopping in the hardware store. Both Mr. Shore and Ms. Schwartz gave the officer the robber's description. The officer then conducted a search for the perpetrator.
The off-duty police officer, Randy Kugler, found a person matching the description, hiding nearby. The officer asked the appellant where the purse was. Appellant told him that it was located in the bushes and that nothing had been stolen.
The officer recovered the purse and brought appellant back to the scene of the crime. Both Ms. Schwartz and Mr. Shore immediately identified the appellant as the perpetrator, without being asked to do so. The appellant was formally arrested and then given his Miranda rights. Appellant then gave a post-Miranda statement.
The trial court held a pre-trial hearing on appellant's motion to suppress appellant's statements and his in-court identification. Defense counsel stipulated that these matters were suppressed due to technical Miranda violations, but the statements, nonetheless, were voluntary and not coerced. The trial court suppressed appellant's pre-Miranda statements and also suppressed the appellant's gestures (pointing to the bushes where Ms. Schwartz's purse was located). The trial court did not suppress the in-court identification.
A jury convicted appellant and the trial court departed from the recommended guidelines sentence without written reasons. The trial court found that the appellant was a "habitual offender." § 775.084, Fla. Stat. (1989).
Turning to appellant's first contention, we find that the trial court properly admitted testimony concerning appellant's post-Miranda statements. See Elledge v. Dugger, 823 F.2d 1439 (11th Cir.1987), cert. denied, 485 U.S. 1014, 108 S.Ct. 1487, 99 L.Ed.2d 715 (1988); Martin v. Wainwright, 770 F.2d 918 (11th Cir.1985), modified, 781 F.2d 185 (11th Cir.), cert. denied, 479 U.S. 909, 107 S.Ct. 307, 93 L.Ed.2d 281 (1986).
Second, we also find that the trial court's admission of the in-court identification was proper. Appellant did not show any substantial likelihood of irreparable misidentification. The identification was made based on both the victim's and the hardware store owner's clear and particularly accurate view of the robber's attire, build, and face. Nothing obscured their vision. We note that Ms. Schwartz had the opportunity to observe the appellant face to face and did not hesitate in her positive identification. See Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972); Grant v. State, 390 So.2d 341 (Fla. 1980), cert. denied, 451 U.S. 913, 101 S.Ct. 1987, 68 L.Ed.2d 303 (1981).
Next, we find that the trial court conducted a proper Neil inquiry and allowed the State to exclude a juror because he was sleeping during juror selection. Sleeping through voir dire is a race-neutral reason for a peremptory challenge pursuant to State v. Slappy, 522 So.2d 18 (Fla.), cert. denied, 487 U.S. 1219, 108 S.Ct. 2873, 101 L.Ed.2d 909 (1988) and State v. Neil, 457 So.2d 481 (Fla. 1984). Further, where, as here, it is supported by the record, it clearly allows such a challenge. Tillman v. State, 522 So.2d 14 (Fla. 1988); Hill v. State, 547 So.2d 175 (Fla. 4th DCA 1989); Knowles v. State, 543 So.2d 1258 (Fla. 4th DCA 1989).
Lastly, the State agrees that the trial court should have provided contemporaneous written reasons for departure. We, therefore, remand for resentencing within the guidelines. See Pope v. State, 561 So.2d 554 (Fla. 1990); Shull v. Dugger, 515 So.2d 748 (Fla. 1987).
Affirmed in part, reversed in part, and remanded.