PER CURIAM.
Johnnie Williams appeals his conviction for grand theft. He argues that the state’s challenge to one black jury venireman was racially motivated, and that the trial court failed to conduct the inquiry required by State v. Neil, 457 So.2d 481 (Fla.1984). However, the burden initially lies with the defendant to demonstrate a likelihood of discriminatory motivation. See Verdelotti v. State, 560 So.2d 1328 (Fla. 2d DCA 1990); Smith v. State, 562 So.2d 787 (Fla. 1st DCA 1990); Adams v. State, 559 So.2d 1293 (Fla. 3d DCA), rev. dismissed, 564 So.2d 488 (Fla.1990). Trial counsel’s perfunctory objection in the present case was insufficient. Accordingly, the conviction and subsequent order of probation are affirmed.
We do agree that costs and attorneys’ fees were imposed without proper notice or the opportunity to be heard. See Henriquez v. State, 545 So.2d 1340 (Fla.1989). We therefore strike that provision of the judgment, without prejudice to the state to seek reimposition after adequate notice to appellant.
Affirmed in part, reversed in part, and remanded with instructions.
SCHOONOVER, C.J., and RYDER and CAMPBELL, JJ., concur.