ZEHMER, Chief Judge.
This is a direct criminal appeal from a judgment of conviction and sentence for burglary of a structure. The two issues raised are whether the trial court erred in overruling Appellant’s objections to the state’s exercise of peremptory strikes on two out of three African-American venirepersons, and whether the trial court erred in denying Appellant’s request for a non-jury trial. We conclude that the trial court erred in both instances and therefore reverse and remand for a new trial.
Appellant was charged by information with burglary of a dwelling. During jury selection, the state exercised peremptory strikes on two African-American jurors. Upon defense counsel’s objection, the trial court requested the state to explain its motivation for making the two strikes. The state responded that as to juror Bessie, its basis was that she had indicated Appellant looked familiar and she thought she might know him, although she was not convinced of that knowledge. The state also noted that Bessie was a socially active person with political persuasions.
The state then gave its reasons for striking juror Scott based on the fact that Scott allegedly had had his head down with his eyes closed “all the time.” It should be noted that as to Scott, the trial court had earlier inquired as to his well-being by asking whether he was all right. Scott responded that he was fine, but had a little headache. Following the state’s explanation, the trial court found that the answers provided were sufficient and that the reasons given were not pretextual and were race-neutral.
On the morning of trial, defense counsel informed the trial court that Appellant desired to dismiss the jury and present his case before the trial court for a bench trial. The state joined in this request. Defense counsel argued that rule 3.260, Florida Rules of Criminal Procedure, and the note thereto, made clear it was mandatory that the trial court dismiss the jury if both the state and defense so requested. However, the court stated its understanding that although the rule had changed to some degree, it was still within the prerogative and discretion of the trial court to grant or not to grant the motion. The court emphasized that Appellant had requested a jury trial and that a jury had been selected and was waiting. On that basis, the court denied the joint request to waive the jury trial, and the jury was then sworn.
Appellant proceeded to trial before the jury and was found guilty of the lesser included offense of burglary of a structure.
Turning to Appellant’s first point, we do not determine whether the state improperly utilized a peremptory challenge to strike juror Bessie from the venire because we agree with Appellant that the state’s reason for striking juror Scott was not well-founded and shown to be race-neutral. Per *206 emptory challenges based on bare looks and gestures are not acceptable unless the behavior is observed by the trial court and confirmed by the court on the record. Wright v. State, 586 So.2d 1024 (Fla.1991). Similar reasons for exercising peremptory strikes found to be invalid are the perceived ill health of a juror, State v. Slappy, 522 So.2d 18 (Fla.1988), as well as a juror’s yawning through the entire voir dire and appearing uninterested, Hill v. State, 547 So.2d 175 (Fla. 4th DCA 1989). On this point, in Slap-py, the supreme court addressed the state’s excusal of one African-American juror based in part on the juror’s purported ill health. The court observed that although the record was far from clear that any such characteristic existed, “[a] single question posed to the juror could have established the existence or nonexistence of illness.” 522 So.2d at 23 n. 3. In the instant case, the record is also “far from clear” that juror Scott had his head down with his eyes closed “all the time,” as represented by the state. And, the trial court did inquire into the existence or nonexistence of Scott’s illness and determined from him that he was not sick, although he had a headache. This is to be contrasted to the circumstances in Davis v. State, 560 So.2d 1346 (Fla. 3d DCA 1990), wherein it was concluded that the state properly excluded a juror who was sleeping during jury selection. The court observed that the reason for the peremptory challenge was supported by the record. Here, there is nothing in the record to suggest that Scott was inattentive or was sleeping throughout the jury selection. The trial court’s inquiry into the matter dispelled any notion that Scott was ill and, hence, the state’s reason for striking Scott was unreasonable and pretextual. Consequently, this error requires a new trial.
Alternatively, a new trial is required by reason of the trial court’s error in denying Appellant’s request for a non-jury trial. Rule 3.260 provides that “[a] defendant may in writing waive a jury trial with the consent of the state.” The committee note to the 1972 amendment to this rule observes that the amendment changed the “former rule by deleting ‘the approval of the Court,’ thus making trial by judge mandatory where both parties agree.” In the instant case, as noted above, the state joined with the defense in requesting a bench trial, and the request was ultimately presented to the trial court in writing. We also note that at the time the request was made, the jury had not been sworn and jeopardy had therefore not attached. State ex rel. Williams v. Grayson, 90 So.2d 710 (Fla.1956). While there may be circumstances when a request to waive a jury trial is not timely made, e.g., during the presentation of the evidence, such was not the case herein. In this case, the waiver was made prior to the jury’s being sworn, was made in writing, and was made with the consent of the state, so the trial court did not have discretion to deny Appellant’s request. Inherent in the privilege of the constitutional right to a trial by jury is the right to waive it. State v. Garcia, 229 So.2d 236, 238 (Fla.1969). Consequently, on this point as well,, the cause must be reversed and remanded for a new trial.
REVERSED and REMANDED.
MINER and WOLF, JJ., concur.