522 So.2d 14 (1988)
Gary L. TILLMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 68506.
Supreme Court of Florida.
March 10, 1988.
*15 James Marion Moorman, Public Defender and Douglas S. Connor, Asst. Public Defender, Tenth Judicial Circuit, Bartow, for appellant.
Robert A. Butterworth, Atty. Gen. and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Gary Tillman brings this appeal from a judgment of conviction for first degree murder and a sentence of death. We have jurisdiction. Art. V, § 3(b)(1), Fla. Const. For the reasons which follow we affirm the conviction but remand this case for a new sentencing hearing before a new judge and jury.
Pursuant to a plea agreement, Tillman pled guilty to first-degree murder. In return, the state agreed not to present any evidence in aggravation other than that which tended to prove that the murder was especially heinous, atrocious, or cruel, and that the capital felony was committed by a person under sentence of imprisonment. Nonetheless, it is evident from the record that the prosecution put evidence before the sentencer that was beyond the scope of this agreement.
Our decision in this case is controlled by the United States Supreme Court's opinion in Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). In that case, a New York prosecutor entered into a plea agreement with the defendant whereby the defendant would plead guilty to two misdemeanors, and the prosecutor would not make any sentence recommendation. In the interim between the plea agreement and the sentencing, the prosecutor who made the deal retired, and a new one was appointed to replace him. Unaware of the agreement, the new prosecutor recommended the maximum sentence, which the judge accepted.
As in this case, the judge in Santobello informed the attorneys that he was not at all influenced by the improper recommendation. The United States Supreme Court held that "when a plea rests to any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." 404 U.S. at 262, 92 S.Ct. at 499. The Court noted that it was of no matter that the judge stated on the record that he would not be influenced by the inadvertent breach of the agreement. The mere breach of the agreement, regardless of the influence that breach would carry, or whether it was an intentional breach, was cause for remand.
In Santobello, the Court remanded the case to state court to determine the appropriate remedy, plea withdrawal or *16 specific performance of the agreement. We are faced with a similar decision. The record discloses that the prosecution introduced evidence beyond what was agreed upon by the parties. This mere breach, no matter how slight, or whether the judge was influenced by it, is grounds for reversal. A defendant agrees to plead guilty based specifically on the agreement he or she has made with the state. Any breach of that agreement by the state renders the plea involuntary, as the plea is based on an agreement that was not fulfilled.
At trial, Tillman made no motions to withdraw the guilty plea, despite knowledge that the agreement had been breached. While he did repeatedly object to the introduction of evidence beyond what the agreement specified, at no time, until this appeal, did Tillman ever move to withdraw that plea. Accordingly, we cannot allow him to do so now. Rather, we must remand this case for a new sentencing proceeding. In an abundance of caution, in order to avoid even the remote possibility that the trial judge could have been influenced by the inadmissible evidence, we order that the proceeding be conducted before a new judge, and pursuant to the dictates of the plea agreement.
Tillman further alleges error in the impaneling of the sentencing jury. That issue involves the difficult question of whether the trial judge conducted a proper inquiry into Tillman's objections that the state used peremptory strikes against prospective jurors solely on the basis of race. During the jury selection phase of the proceedings, the state struck two jurors who, like Tillman, are black. Defense counsel made no objections at this point. Upon the state's exercise of the third peremptory challenge to excuse the next black juror, counsel asked the court to note for the record that it appeared that the state was systematically striking blacks. Without inquiring of the prosecutor as to why the strikes were being exercised, the judge expressed his own reasons why the jurors could be excluded, notwithstanding race.
Upon the exercise of a peremptory challenge to excuse a fourth black juror, defense counsel again moved for a response from the prosecutor stating valid reasons for exclusion. The prosecutor then gave facially valid reasons for excusing the fourth juror. While excusing that juror, the trial judge did not rule as to the motions regarding the excusal of the previous three black jurors.
This Court, in State v. Neil, 457 So.2d 481 (Fla. 1984), delineated the proper procedure a trial court must follow when faced with a challenge to the use of peremptory strikes based solely on race. In Neil, the trial court ruled that the state did not have to explain why it had struck all three black people who had been questioned to that point. This Court reversed that ruling, holding that when a party timely objects to the other party's use of its challenges, the objecting party shows that the strikes were used against members of a distinct racial group, and there is a strong likelihood that they have been challenged solely because of their race, then the burden shifts to the striking party to "show that the questioned challenges were not exercised solely because of the prospective jurors' race." 457 So.2d at 486-87 (footnote omitted).
In State v. Slappy, 522 So.2d 18 (Fla. 1988), and Blackshear v. State, 521 So.2d 1083 (Fla. 1988), this Court further defined the procedure to be utilized when a challenge of racial discrimination in the use of peremptory strikes is made. We held that "any doubt as to whether the complaining party has met its initial burden should be resolved in that party's favor." Slappy, at 22. Moreover, the trial judge must "evaluate both the credibility of the person offering the explanation as well as the credibility of the asserted reasons." Id. In other words, "a judge cannot merely accept the reasons proffered at face value." Id. In essence, the proffered reasons must be not only neutral and reasonable, but they must be supported by the record. It is incumbent upon the trial judge to determine whether the proffered reasons, if they are neutral and reasonable, *17 are indeed supported by the record.[1]
In this case, the record indicates little doubt as to whether Tillman met his initial burden regarding the likelihood that the state exercised its peremptory challenges solely on the basis of race. Such doubt must be resolved in favor of Tillman. At this point, the record shows that the trial judge stated his own reasons for allowing the peremptory strikes, rather than requiring the prosecutor to proffer racially neutral reasons. Indeed, had it been the state that proffered the reasons, it would still be the trial judge's duty to examine them to determine if they are supported by the record. One reason given by the court was that the jurors stricken by the state lacked the educational background to carry out their duties. However, the record indicates that those jurors all had high school educations or greater. As there is no requirement that jurors have college degrees to serve on a panel, it is clear that the record does not support the reason, whether it was proffered by the state or by the trial judge.
Furthermore, it is of no consequence that the state accepted one black juror to serve on the panel. "We know ... that number alone is not dispositive, nor even the fact that a member of the minority in question has been seated as a juror or alternate." Slappy, at 21 (citations omitted). If one juror has been improperly excused because of race, it does not matter that one juror was not so excluded. Such insidious discrimination cannot be tolerated within the judicial system.
We believe that the procedure followed by the court below fell far short of the standards set down by this Court in Neil, and more recently in Slappy and Blackshear. The procedure that was followed failed to insure that Tillman's rights to a jury composed of a fair cross section of the community were protected. Instead, Tillman was subjected to a proceeding that was open to racial discrimination by the state, thus violating article I, section 2 of the Florida Constitution, as well as the Equal Protection Clause of fourteenth amendment to the United States Constitution.[2] For these reasons, and those expressed above, we affirm the judgment of conviction, vacate the sentence of death and remand this case for sentencing proceeding before a new judge and jury. That proceeding is to be conducted in a manner consistent with this opinion.
It is so ordered.
OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, C.J., concurs as to the conviction, but concurs in result only as to sentence.
NOTES
[1] This is not to say that every assertion made by a prosecutor to support the peremptory striking of a juror must find support within the record. There will be occasions where statements of fact (not conclusions drawn from fact) made by counsel, concerning a juror's background can be accepted by the court without the need to examine the record. For example, if a prosecutor represents to the court that a juror has, in the past, been convicted of a crime, the court may accept this as a reason for striking the juror without requiring the prosecutor to produce a certified copy of the judgment of conviction for the record. Furthermore, a judge is certainly permitted to place in the record his observations to support a prosecutor's reasons for striking a juror. If a prosecutor strikes a juror because the juror has been glaring at or using a hostile tone of voice with the prosecutor, the judge may state for the record that he has observed this behavior from the juror.
[2] Tillman's remaining arguments are without merit. These arguments include issues involving the plea colloquy; jury instructions; improper cross examination; and improper weighing of mitigating circumstances.