COBB, Judge.
This is a case in which a “plea agreement” was entered which apparently was unsatisfactory to all concerned. It should not have been accepted by the trial court in the first place. For one thing, the defendant (who plead nolo contendere) insisted during the colloquy that he was innocent of the charges, which should have raised a red flag for the court at the outset.[1]
At the sentencing hearing the trial court, having determined that the state had agreed to stand silent, persisted in exploring the state’s motivation in not recommending a period of incarceration. The court succeeded finally in evoking a response from the state that, given “better communication,” then “possibly the state’s recommendation would have been different.” This elicited comment, which was followed by imposition of a sentence of incarceration, poisoned the well. It violated the agreement and invalidated the plea agreement, hence the adjudication and sentence based thereon. See Tillman v. State, 522 So.2d 14 (Fla.1988). The defendant moved to withdraw his plea and that motion should have been granted, even though it was made subsequent to imposition of sentence. See Robinson v. State, 373 So.2d 898 (Fla.1979) and Williams v. State, 316 So.2d 267 (Fla.1975).
We reverse the judgment and sentence, vacate the nolo plea, and remand for trial on the merits.
DAUKSCH and GOSHORN, JJ., concur.

. We note that the trial court and trial counsel seem to have been operating under the misconception that a factual basis for guilt need not be established if there is a nolo contendere plea. This is not true. See Fla.R.Crim.P. 3.170(j); Koenig v. State, 597 So.2d 256 (Fla.1992).