GRIFFIN, Judge.
We are bound to reverse the appealed judgments on the authority of Thomas v. State, 593 So.2d 219 (Fla.1992). Appellant urges, however, that on remand, based on Tillman v. State, 522 So.2d 14 (Fla.1988), he is entitled to imposition of the “bargained for sentence.” This is accurate only to the extent that the defendant is entitled to be resentenced in accordance with his plea agreement, i.e., with the benefit of the state’s agreed-upon recommendation but without reference to the offending P.S.I. recommendation.[1] Santobello v. New York, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971); Hunt v. State, 613 So.2d 893 (Fla.1992); Tillman v. State, 522 So.2d 14 (Fla.1988). On remand, the sentencing court will be no more bound by this recommendation than it was originally,
REVERSED and REMANDED.
HARRIS, C.J., and W. SHARP, J.,. concur.

. We reject the state’s argument that this issue may not be raised on appeal in the absence of a formal motion to withdraw plea. Breach of a plea agreement can be raised on direct appeal, although plea withdrawal is not an available remedy. Tillman at 16. Moreover, in this case, the defendant made known to the court that he would not have pled guilty if he had known of the harsher sentence recommended in the P.S.I.