WALLACE, Judge.
Joshua M. O’Berry appeals from an order denying his motion to withdraw his no contest plea after sentencing, filed in accordance with Florida Rule of Criminal Procedure 3.170(0- In his motion, Mr. O’Berry alleged that the State violated a plea agreement to recommend a sentence of forty years’ prison by urging the trial court to sentence him instead to life. Because we conclude that the State breached the plea agreement, we reverse the order under review and remand for resentencing before a different judge.
I. THE FACTS AND PROCEDURAL BACKGROUND
Mr. O’Berry pleaded no contest to the charge of burglary of a dwelling with an assault or battery, a first-degree felony punishable by life in prison. See § 810.02(2)(a), Fla. Stat. (2010).[1] During *1112 the hearing on the change of plea, Mr. O’Berry’s counsel explained to the trial court: “It’s going to be an open plea to the Court. The State indicated that they would be recommending 40 years in prison but there is no cap and the Defense ... can argue for ... a lawful sentence.” Then, Mr. O’Berry’s counsel submitted a written acknowledgment and waiver of rights form that recited these terms. The assistant state attorney (the ASA) made no comment on defense counsel’s announcement of the terms of the plea agreement.
Two weeks later, at the sentencing hearing, the ASA — the same prosecutor who represented the State at the change of plea hearing — addressed the trial court as follows:
Well, [Y]our Honor, our original offer on this case was life. I discussed it with [defense counsel] for a plea offer at one point and we came down to 40 years for a negotiated plea. However, that never panned out. So we’re here in front of you on a sentencing hearing with no cap. The first charge ... is a burglary with a battery. That’s a first degree felony punishable by life. So the State is asking for the maximum in this case, [Y]our Honor.
(Emphasis added.) Mr. O’Berry’s counsel immediately protested that the State had promised to recommend forty years, to which the ASA responded, “We didn’t do a cap though.” Mr. O’Berry’s counsel replied, “Well, but that’s not part of the plea agreement.” Then the ASA explained: “We came down to a negotiated plea for 40 years. That wasn’t accepted.” After the presentation of evidence, the trial court asked the State what sentence it was recommending, and the ASA answered, ‘Well, we did propose I guess a recommended offer of 40 years.” The sentencing hearing concluded with the trial court sentencing Mr. O’Berry to fifty years in prison.
At a subsequent hearing on Mr. O’Berry’s motion to withdraw his plea, he argued that the State had violated the terms of the plea agreement because it did not honor its promise to recommend a forty-year sentence. Initially, the State maintained that its statements to the trial court at sentencing did not constitute a violation of the plea agreement, but it ultimately conceded that it had asked “for the maximum” during the sentencing hearing and had informed the sentencing judge that the “original offer was life.” In denying the motion, the trial court found that there had been an agreement to recommend a forty-year sentence but that the State “violated it quickly and quickly corrected it.” The trial court further explained that its sentencing decision was based on its own independent assessment and was not influenced by the State’s “somewhat reluctant acknowledgment” that it had agreed to recommend a forty-year sentence.
II. DISCUSSION
Mr. O’Berry filed his motion under rule 3.170(i), which provides, “A defendant who pleads guilty or nolo contendere without expressly reserving the right to appeal a legally dispositive issue may file a motion to withdraw the plea within thirty days after rendition of the sentence, but only upon the grounds specified in [rule] 9.140(b)(2)(A)(ii)(a)-(e)-” One of the grounds specified in rule 9.140(b)(2)(A)(ii) is a violation of a plea agreement by the State, and this is the ground upon which Mr. O’Berry based his motion. On appeal, the State argues, “Although the State had apparently agreed to recommend 40 years at the sentencing hearing, there was no agreement as to sentence.” Although the State’s assessment of the circumstances is *1113 accurate, we conclude that Mr. O’Berry is entitled to relief.
In explaining our decision to reverse, we highlight two similar but distinct provisions in the Florida Rules of Criminal Procedure pertaining to plea agreements that are frequently used in criminal cases. The more common scenario — at least insofar as is reflected in our appellate decisions— involves the “negotiated plea” or “plea deal,” where the State agrees to a specific sentence in exchange for the defendant’s plea of guilty or no contest. This type of agreement is described in subsection (iii) of Florida Rule of Criminal Procedure Rule 3.171(b)(1)(A). On the other hand, subsection (ii) of rule 3.171(b)(1)(A) provides that a prosecuting attorney may “make a recommendation, or agree not to oppose the defendant’s request for a particular sentence, with the understanding that such recommendation or request shall not be binding on the trial judge.”
When a defendant has entered into an agreement with the State for a specified sentence in accordance with rule 3.171(b)(l)(A)(iii), if the State fulfills its promise but the trial court declines to honor the agreement, the defendant would be entitled to withdraw his plea. Goins v. State, 672 So.2d 30, 31 (Fla.1996) (“[W]hen there has been a firm agreement for a specified sentence and the judge determines to impose a greater sentence, the defendant has the right to withdraw the plea.”); Rodriguez v. State, 610 So.2d 476, 477 (Fla. 2d DCA 1992) (reversing the trial court’s denial of a motion to withdraw plea where the sentence imposed exceeded the sentence agreed to by the State). But where the State fulfills its promise to make a nonbinding recommendation under rule 3.171(b)(l)(A)(ii) and the trial court declines to sentence the defendant in accordance with that recommendation, the defendant would have no recourse under rule 3.170(£) because there is no breach of the plea agreement. State v. Adams, 342 So.2d 818, 820 (Fla.1977) (“The only bargain was that the state attorney would make a recommendation to the court. This was done. When the sentence was imposed, the judge was not bound by the recommendation of the state attorney or any negotiations which occurred between the state attorney and the defense counsel.”); J.A.N. v. State, 947 So.2d 1258, 1259 (Fla. 5th DCA 2007) (holding that where the trial court declined to follow a nonbinding recommendation made in accordance with the plea agreement, the defendant did not have a right to withdraw his plea).
On the other hand, when the State fails to honor a plea agreement, whether it involves a negotiated plea for a specified sentence or a promise to make a nonbinding recommendation, the violation of the agreement is akin to a breach of contract for which the defendant is entitled to seek a remedy. See Tillman v. State, 522 So.2d 14, 16 (Fla.1988) (“A defendant agrees to plead guilty based specifically on the agreement he or she has made with the state. Any breach of that agreement by the state renders the plea involuntary, as the plea is based on an agreement that was not fulfilled.”); Mehl v. State, 958 So.2d 465, 468 (Fla. 4th DCA 2007) (“[T]he mere appearance of a breach by the state is itself grounds for relief regardless of whether the breach affected the sentence.”); A.D.W. v. State, 777 So.2d 1101, 1104 (Fla. 2d DCA 2001) (observing that the rules of contract law apply to plea agreements).
In this case, although the record supports the State’s position that it offered a forty-year plea deal (a rule 3.171(b)(l)(A)(iii) agreement) that Mr. O’Berry rejected, it also supports Mr. O’Berry’s claim that the State had promised to recommend a forty-year sentence *1114 (a rule 3.171(b)(l)(A)(ii) agreement) and failed to uphold its end of the bargain. See Glover v. State, 469 So.2d 771, 774 (Fla. 1st DCA 1984) (“Implicit in any such plea bargain, which involves no obligation by the trial court to follow such recommendation, is that the prosecutor will make a reasonable effort in persuading the sentencing judge of the merit of such recommendation.”).
The outcome of this case is controlled by Tillman, 522 So.2d 14, which was itself controlled by Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971):
Our decision in this case is controlled by the United States Supreme Court’s opinion in Santobello .... In that case, a New York prosecutor entered into a plea agreement with the defendant whereby the defendant would plead guilty to two misdemeanors, and the prosecutor would not make any sentence recommendation. In the interim between the plea agreement and the sentencing, the prosecutor who made the deal retired, and a new one was appointed to replace him. Unaware of the agreement, the new prosecutor recommended the maximum sentence, which the judge accepted.
As in this case, the judge in Santobel-lo informed the attorneys that he was not at all influenced by the improper recommendation. The United States Supreme Court held that “when a plea rests to any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled.” 404 U.S. at 262, 92 S.Ct. at 499. The Court noted that it was of no matter that the judge stated on the record that he would not be influenced by the inadvertent breach of the agreement. The mere breach of the agreement, regardless of the influence that breach would carry, or whether it was an intentional breach, was cause for remand.
Tillman, 522 So.2d at 15 (emphasis added). In this case, as in both Santobello and Tillman, the trial judge recognized that the State had violated the plea agreement but asserted that the improper recommendation did not influence his sentencing decision. We have no reason to doubt the trial judge’s statement. Nevertheless, the State broke the plea agreement, and Mr. O’Berry is entitled to relief. See Santobello, 404 U.S. at 262-63, 92 S.Ct. 495:
We need not reach the question whether the sentencing judge would or would not have been influenced had he known all the details of the negotiations for the plea. He stated that the prosecutor’s recommendation did not influence him and we have no reason to doubt that. Nevertheless, we conclude that the interests of justice and appropriate recognition of the duties of the prosecution in relation to promises made in the negotiation of pleas of guilty will be best served by remanding the case to the state courts for further consideration .... We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge.
III. THE APPROPRIATE REMEDY
In Santobello, the Court left the decision about the appropriate relief for the prosecution’s breach of the bargain to the state court:
The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on *1115 the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, i.e., the opportunity to withdraw his plea of guilty.
404 U.S. at 263, 92 S.Ct. 495. In Tillman, the Supreme Court of Florida remanded for resentencing before a new judge, noting that the defendant in that case had not sought to withdraw his plea. This case is distinguishable from Tillman because Mr. O’Berry moved to withdraw his plea under rule 3.170(£). Thus the question before us is whether the circumstances of this case require remand for specific performance of the agreement or whether, on remand, Mr. O’Berry should be given the opportunity to withdraw his plea. Under the circumstances, we agree with the reasoning of the Fourth District in Mehl, 958 So.2d at 468:
We see no reason to disturb the refusal to vacate the plea in this case. Omitting any suggestion that the plea was otherwise involuntary, defendant argues the state breached its undertaking by presenting evidence and argument plainly barred by the agreement. We conclude that defendant’s consideration for the agreement can be fully satisfied by remanding for resentencing before a different judge. On resentencing the new judge shall not be made aware of the sentence imposed by the first judge.
See also Hunt v. State, 613 So.2d 893, 898 (Fla.1992) (holding that where the State breaches its agreement with the defendant, “specific performance is an adequate remedy”).
IY. CONCLUSION
Accordingly, we reverse the order denying Mr. ©’Berry’s motion and remand for resentencing before a different judge. As in Mehl, the new judge shall not be informed of the sentence imposed by the first judge. We caution Mr. O’Berry that on remand the trial court will have the option of sentencing him to life in prison, the maximum penalty.
Reversed and remanded for resentenc-ing before a different judge.
VILLANTI and MORRIS, JJ., Concur.

. Mr. O'Berry also entered no-contest pleas to two third-degree felonies and a misdemeanor, *1112 but his motion to withdraw his plea pertains solely to the burglary-with-assault charge.