CANADY, J.,
concurring in part and dissenting in part.
I concur in the decision to affirm Ya-cob’s convictions, but I dissent from the reversal of his death sentence. Although I agree that the death sentence in this case is not proportionate under this Court’s comparative proportionality jurisprudence, I conclude that comparative proportionality review by this Court is precluded by the provision of the Florida Constitution that requires this Court to interpret our state constitutional prohibition on cruel and unusual punishment in conformity with the decisions of the United States Supreme Court interpreting the parallel provision of the United States Constitution. Because the United States Supreme Court has held that comparative proportionality review of death sentences is not required by the *558 United States Constitution, the conformity clause of the Florida Constitution forbids the application of such review by this court.
Article I, section 17 of the Florida Constitution contains the following provision: “The prohibition against cruel or unusual punishment, and the prohibition against cruel and unusual punishment, shall be construed in conformity with decisions of the United States Supreme Court which interpret the prohibition against cruel and unusual punishment provided in the Eighth Amendment to the United States Constitution.” Under this provision of article I, section 17 — commonly referred to as the conformity clause — the courts of Florida are precluded from determining that a sentence is cruel and unusual if a decision of the United States Supreme Court makes clear that the sentence does not violate the Eighth Amendment of the federal constitution. Moreover, a sentence may be invalidated as cruel and unusual under the Florida Constitution by a Florida court only if a decision of the United States Supreme Court requires invalidation of the sentence as cruel and unusual.
The plain import of the text of the conformity clause is explained in the ballot summary considered by the voters when the constitutional amendment incorporating the conformity clause was adopted. The ballot summary contains the following statement:
The amendment would prevent state courts, including the Florida Supreme Court, from treating the state constitutional prohibition against cruel or unusual punishment as being more expansive than the federal constitutional prohibition against cruel and unusual punishment or United States Supreme Court interpretations thereof. The amendment effectively nullifies rights currently allowed under the state prohibition against cruel or unusual punishment which may afford greater protections for those subject to punishment for crimes than will be provided by the amendment. Under the amendment, the protections afforded those subject to punishment for crimes under the “cruel or unusual punishment” clause, as that clause currently appears in Section 17 of Article I of the State Constitution, will be the same as the minimum protections provided under the “cruel and unusual” punishments clause of the Eighth Amendment to the United States Constitution.
Fla. HJR 951 (2001) at 2-3 (emphasis added) (proposing amendment to art. I, § 17, Fla. Const., and providing ballot summary).
In Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 2021-22, 176 L.Ed.2d 825 (2010), the Supreme Court summarized its prior jurisprudence concerning the proportionality of sentences under the Eighth Amendment. The Court recognized that its cases “addressing the proportionality of sentences fall within two general classifications.” Id. at 2021. Neither of the two classifications includes comparative proportionality review of death sentences.
The first category “involves challenges to the length of term-of-years sentences given all the circumstances in a particular case.” Id. Under this category, “the Court considers all of the circumstances of the case to determine whether the sentence is unconstitutionally excessive.” Id. Analysis under this category is triggered only when a comparison of the “gravity of the offense and the severity of the sentence” “ ‘leads to an inference of gross disproportionality.’ ” Id. at 2022 (quoting Harmelin v. Michigan, 501 U.S. 957, 1005, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Kennedy, J.)). If such an inference does arise, “the court should then compare the defendant’s *559 sentence with the sentences received by other offenders in the same jurisdiction and with the sentences imposed for the same crime in other jurisdictions” to determine whether the sentence is grossly disproportionate. Graham, 130 S.Ct. at 2022. Cases in which a sentence of death is imposed do not fall within this first category.
The second category, on the other hand, dealt exclusively — until Graham was decided — with death penalty cases. This category includes “cases in which the Court implements the proportionality standard by certain categorical restrictions on the death penalty.” Id. at 2021. These categorical rules include the prohibition on the death penalty for crimes committed by persons under the age of eighteen and by the mentally retarded, and for non-homicide crimes. Id. at 2022. Graham extended the categorical approach outside the death penalty context in its holding prohibiting the imposition of a life without parole sentence on a juvenile offender who did not commit homicide. Id. at 2034. In Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 2469, 183 L.Ed.2d 407 (2012), the Court extended Graham’s reasoning to homicides committed by juveniles, holding broadly “that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.”
Comparative proportionality review, such as that applied by the majority with respect to Yacob’s death sentence, has no place within the framework of the Supreme Court’s case law. The point is driven home in Pulley v. Harris, 465 U.S. 37, 43-14, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984), where the Court specifically considered— in a challenge to California’s death penalty scheme — the question of whether the Eighth Amendment “requires a state appellate court, before it affirms a death sentence, to compare the sentence in the case before it with the penalties imposed in similar cases if requested to do so by the prisoner.” The Court unequivocally held that such comparative proportionality review is not required by the Eighth Amendment. Id. at 50-51, 104 S.Ct. 871.
In Pulley, the Court rejected any suggestion that the discussion of comparative proportionality review in Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), and Proffitt v. Florida, 428 U.S. 242, 96 S.Ct. 2960, 49 L.Ed.2d 913 (1976), established that such proportionality review is constitutionally required or was an essential predicate for the determination that the Georgia and Florida death penalty schemes were constitutional. Pulley, 465 U.S. at 45-18, 104 S.Ct. 871. The Court observed that examination of Gregg and Proffitt, along with Jurek v. Texas, 428 U.S. 262, 96 S.Ct. 2950, 49 L.Ed.2d 929 (1976) — which upheld the Texas death penalty scheme notwithstanding the absence of comparative proportionality review— “makes clear that they do not establish proportionality review as a constitutional requirement.” Pulley, 465 U.S. at 45, 104 S.Ct. 871. The Court summed up, stating:
There is thus no basis in our cases for holding that comparative proportionality review by an appellate court is required in every case in which the death penalty is imposed and the defendant requests it. Indeed, to so hold would effectively overrule Jurek and would substantially depart from the sense of Gregg and Proffitt. We are not persuaded that the Eighth Amendment requires us to take that course.
Id. at 50-51, 104 S.Ct. 871. Thus, the Court upheld the constitutionality of the California death penalty scheme. Id. at 54, 104 S.Ct. 871.
Since Pulley was decided, nothing in the Supreme Court’s case law has suggested *560 any change of view regarding comparative proportionality review. Indeed, in rejecting a subsequent challenge to Georgia’s death penalty scheme, the Court in McCleskey v. Kemp, 481 U.S. 279, 107 S.Ct. 1756, 95 L.Ed.2d 262 (1987), reinforced what it had said in Pulley regarding comparative proportionality review. Citing Pulley, the Court in McCleskey stated that “where the statutory procedures adequately channel the sentencer’s discretion, such proportionality review is not constitutionally required.” Id. at 306, 107 S.Ct. 1756.
This Court has not been entirely unmindful of the holding of Pulley. Citing Pulley, we have recognized that our comparative proportionality review is not required by the federal constitution but is a matter of state law. Garcia v. State, 492 So.2d 360, 368 (Fla.1986) (“Our proportionality review is a matter of state law.”); State v. Henry, 456 So.2d 466, 469 (Fla.1984) (“We note that proportionality review is not a requirement of the federal constitution, Pulley v. Harris, [465 U.S. 37, 104 S.Ct. 871, 79 L.Ed.2d 29] (1984), but rather a feature of state law. Thus, the parameters of that duty are set forth in our cases interpreting that duty.” (citation omitted)). But we have never addressed the relationship between the holding of Pulley and the limitations imposed by the conformity clause of article I, section 17.
Nor does the Court address Pulley here. Having relegated that decision to a footnote, majority op. at 549 n. 2, the majority instead explains various bases for comparative proportionality analysis in state law. In doing so, the majority ignores what the Court has said time after time about the connection between our proportionality review and the prohibition on cruel and unusual punishments or cruel or unusual punishments. As we frequently have stated, our Court “performs ‘a proportionality review to prevent the imposition of “unusual” punishments contrary to article I, section 17 of the Florida Constitution.’ ” Hunter v. State, 8 So.3d 1052, 1073 (Fla. 2008) (quoting Simmons v. State, 934 So.2d 1100, 1122 (Fla.2006)); see Kocalcer v. State, 119 So.3d 1214, 1228 (Fla.) (“This Court is required to conduct a proportionality review ‘in order to prevent the imposition of unusual punishments under the Florida Constitution.’ ” (quoting Phillips v. State, 39 So.3d 296, 305 (Fla.2010))), cert. denied, -U.S.-, 133 S.Ct. 2743, 186 L.Ed.2d 200 (2013); Allred v. State, 55 So.3d 1267, 1284 (Fla.2010) (“The Court performs a proportionality review to prevent the imposition of ‘unusual’ punishments contrary to article I, section 17 of the Florida Constitution.” (quoting Tillman v. State, 591 So.2d 167, 169 (Fla.1991))); Jackson v. State, 18 So.3d 1016, 1034 (Fla.2009) (“We perform a comparative proportionality review to prevent the imposition of ‘unusual’ punishments contrary to article I, section 17 of the Florida Constitution.”); Bevel v. State, 983 So.2d 505, 523 (Fla.2008) (“The Court performs proportionality review to prevent the imposition of ‘unusual’ punishments in violation of article I, section 17 of the Florida Constitution.”); Philmore v. State, 820 So.2d 919, 939 (Fla.2002) (“This Court performs proportionality review to prevent the imposition of ‘unusual’ punishments contrary to article I, section 17 of the Florida Constitution.”); Douglas v. State, 878 So.2d 1246, 1262 (Fla.2004) (“The Court performs proportionality review to prevent the imposition of ‘unusual’ punishments contrary to article I, section 17 of the Florida Constitution.”); Rogers v. State, 783 So.2d 980, 1002 (Fla.2001) (“This Court performs proportionality review to prevent the imposition of ‘unusual’ punishments contrary to article I, section 17 of the Florida Constitution.”); Sexton v. *561 State, 775 So.2d 923, 935 (Fla.2000) (“This Court performs proportionality review to prevent the imposition of ‘unusual’ punishments contrary to article I, section 17 of the Florida Constitution.”); Voorhees v. State, 699 So.2d 602, 614 (Fla.1997) (“By ensuring that death not be imposed as a punishment for a murder in cases similar to those in which death was deemed an improper punishment, proportionality [review] prevents the imposition of ‘unusual’ punishments contrary to article I, section 17 of the Florida Constitution.”). Accordingly, although we find our authority to conduct comparative proportionality review in state law, we reason that such review is necessary to comply with the prohibition against the cruel and unusual punishment provision of our constitution. This interpretation is inconsistent with the Supreme Court’s holding in Pulley that proportionality review is not required by the Eighth Amendment and thus contravenes our state constitution’s conformity clause.
In the face of the Court’s repeated reliance on the cruel and unusual punishments prohibition as the basis for our proportionality review, the majority now says that our proportionality review is not really based on that prohibition after all. The majority thus asserts that this Court properly can conduct a comparative proportionality review on other grounds. Specifically, the majority concludes “that our proportionality review flows from Florida’s capital punishment statute — section 921.141, Florida Statutes.” Majority op. at 546. The majority asserts that State v. Dixon “interpreted section 921.141 as including proportionality review of death sentences.” Id. But Dixon does not suggest — much less hold — that section 921.141 requires proportionality review. That is not surprising since nothing in the text of the statute refers to proportionality review. Proportionality review can be predicated on the statute only by means of a judicial rewriting of the statute.
Undeniably, Dixon — which upheld Florida’s capital punishment statute against a constitutional challenge — contemplated that in any case where “a defendant is sentenced to die, this Court can review that case in light of the other decisions [imposing sentences of death] and determine whether or not the punishment is too great.” 283 So.2d at 10. The reasoning of Dixon, however, does not in any way tie this comparative review to a provision of section 921.141. Instead, the comparative review envisioned by Dixon can only reasonably be understood as a judicial-created means to ensure that the statute would be implemented in a way that would avoid the constitutional concerns articulated in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), concerns which were rooted in the prohibition on cruel and unusual punishments. The Dixon court understood that such comparative review would be consistent with the statute, but that is different from concluding that the statute requires or specifically authorizes comparative proportionality review.
The majority also relies on Tillman, which observes that “[t]he requirement that death be administered proportionately has a variety of sources in Florida law.” 591 So.2d at 169. In addition to the “express prohibition against unusual punishments” in the Florida Constitution, Tillman refers to two additional state constitutional grounds: the due process clause and the provision granting this court mandatory, exclusive jurisdiction over appeals of cases in which a sentence of death has been imposed. Id.
Tillman states that the “obvious purpose” of our mandatory jurisdiction “is to ensure the uniformity of death-penalty law *562 by preventing the disagreement over controlling points of law that may arise when the district courts of appeal are the only appellate courts with mandatory appellate jurisdiction.” Id.; see art. V, § 3(b)(1), Fla. Const. But “preventing the disagreement over controlling points of law” does not require comparative proportionality review. Furthermore, the jurisdictional provision is purely a matter of procedure; it does nothing to substantively define the review undertaken by the court. Tillman’s reliance on this jurisdictional provision as a basis for proportionality review is untenable.
It is no more tenable to skirt the conformity clause by proclaiming that comparative proportionality review is required by the due process clause rather than by the prohibition on cruel and unusual punishments. Under the federal Constitution, “the Eighth Amendment’s Cruel and Unusual Punishments Clause [is] made applicable to the States by the Due Process Clause of the Fourteenth Amendment.” Graham, 130 S.Ct. at 2018. The prohibition on cruel and unusual punishments thus is a particular aspect of due process. And the conformity clause expressly limits the authority of this Court with respect to that aspect of due process. To conclude otherwise is to treat the conformity clause as meaningless for all practical purposes.
Since becoming a justice of this Court, this case is the first case in which I have had occasion to address a death sentence which I conclude does not meet the requirements established by our comparative proportionality case law and thus the first case in which I have been required to consider whether the conformity clause precludes comparative proportionality review by this Court. This case squarely presents that issue. Given the absence of any other meritorious issues raised by Ya-cob, if the conformity clause precludes comparative proportionality review, the sentence of death must be affirmed. We are constrained to affirm the trial court’s judgment if there is a legal basis for doing so. See Dade Cnty. Sch. Bd. v. Radio Station WQBA, 731 So.2d 638, 644 (Fla.1999) (stating that the judgment of a trial court “will be upheld if there is any basis which would support the judgment in the record”); Cohen v. Mohawk, Inc., 137 So.2d 222, 225 (Fla.1962) (stating that if there is “any theory or principle of law which would support the trial court’s judgment,” an appellate court is “obliged to affirm that judgment”); § 924.33, Florida Statutes (2009) (“No judgment shall be reversed unless the appellate court is of the opinion, after an examination of all the appeal papers, that error was committed that injuriously affected the substantial rights of the appellant.”).
Two things are very clear. First, the United States Supreme Court has held that comparative proportionality review in death cases is not required by the Eighth Amendment’s prohibition on cruel and unusual punishments. See Pulley, 465 U.S. at 50-51, 104 S.Ct. 871. Second, the conformity clause of article I, section 17, precludes Florida courts from imposing requirements under the State’s prohibition on cruel and unusual punishment that go beyond those required by the United States Supreme Court. From these two propositions it necessarily follows that our comparative proportionality review violates the conformity clause. Our case law applying the Florida constitutionál prohibition on cruel and unusual punishment imposes substantive requirements that limit the imposition of death sentences even though those limitations are not required by the Eighth Amendment. Our case law requiring comparative proportionality review in death cases thus “treat[s] the state constitutional prohibition against cruel [and] unusual punishment as being more *563 expansive than the federal constitutional prohibition” as explicated by the United States Supreme Court. Fla. HJR 951 at 2-3.
This Court should bring its death penalty jurisprudence into conformity with the conformity clause. I dissent from the majority’s decision to reverse the death sentence imposed on Yacob, which is in derogation of the unequivocal provision adopted by the people of Florida to constrain the power of this Court to set aside sentences of death.
POLSTON, C.J., concurs.