PER CURIAM.
This case is before the Court on appellate counsel’s amended motion to withdraw from the representation of James Robertson, a prisoner under sentence of death whose direct appeal of his first-degree murder conviction and death sentence is currently pending before this Court under article V, section 3(b)(1), of the Florida Constitution. In the motion, appellate counsel advises this Court that his client, Robertson, wishes to argue in favor of the death sentence. Citing rule 4-1.2(a) of the Rules Regulating The Florida Bar, which requires a lawyer to abide by his or her client’s decisions concerning the objectives of representation, appellate counsel seeks an order from this Court permitting him to withdraw from representation to avoid an alleged violation of his ethical responsibility to his client. For the following reasons, we deny the motion to withdraw.
First, article V, section 3(b)(1), of the Florida Constitution states that this Court “[sjhall hear appeals from final judgments of trial courts imposing the death penalty.” The Legislature has mandated in section 921.141(4), Florida Statutes (2013), in pertinent part, that “[t]he judgment of conviction and sentence of death shall be subject to automatic review by the Supreme Court of Florida.” Thus, our mandatory review of both the validity of the judgment and the propriety of the death sentence is “automatic” and does not depend upon the acquiescence of the death-sentenced defendant.
Our review of each sentence of death is also critical to the maintenance of a constitutional capital sentencing scheme in this state. In 1988, this Court held that “even *909 though [the defendant] expressed a desire to be executed, this Court must, nevertheless, examine the record to be sure that the imposition of the death sentence complies with all the standards set by the Constitution, the Legislature, and the courts.” Goode v. State, 365 So.2d 381, 384 (Fla.1978). We recognized our obligation to “foster uniformity in death-penalty law” in Tillman v. State, 591 So.2d 167, 169 (Fla.1991), and more recently, in Yacob v. State, 136 So.3d 539, 549 (Fla.2014), we reemphasized that the death penalty is reserved for only the most aggravated and least mitigated of cases. In that decision, we again noted our obligation to assure that the death penalty is not imposed in an arbitrary or capricious manner in this state and explained that our review is essential to the viability and validity of state law allowing for imposition of the death penalty in Florida. See id. at 546-47.
The United States Supreme Court in Gregg v. Georgia, 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976), explained that its earlier decision in Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), “mandates that where discretion is afforded a sentencing body on a matter so grave as the determination of whether a human life should be taken or spared, that discretion must be suitably directed and limited so as to minimize the risk of wholly arbitrary and capricious action.” Gregg, 428 U.S. at 189, 96 S.Ct. 2909. The only way for this Court to ensure that a death sentence is not arbitrarily or capriciously imposed is to provide meaningful appellate review of each death sentence. In fact, the Supreme Court in Gregg expressly noted as follows in upholding the Georgia capital sentencing scheme as constitutional:
[T]he Georgia statute has an additional provision designed to assure that the death penalty will not be imposed on a capriciously selected group of convicted defendants. The new sentencing procedures require that the State Supreme Court review every death sentence to determine whether it was imposed under the influence of passion, prejudice, or any other arbitrary factor, whether the evidence supports the findings of a statutory aggravating circumstance, and “[w]hether the sentence of death is excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.”
Id. at 204, 96 S.Ct. 2909 (emphasis added). The Supreme Court explained that the “provision for appellate review in the Georgia capital-sentencing system serves as a check against the random or arbitrary imposition of the death penalty” and “[i]n particular, the proportionality review substantially eliminates the possibility that a person will be sentenced to die by the action of an aberrant jury.” Id. at 206, 96 S.Ct. 2909. Florida law similarly requires that this Court shall automatically review every judgment of conviction and sentence of death. § 921.141(4), Fla. Stat.
Our long-established precedent has given life to these constitutional and statutory safeguards against an unconstitutional capital sentencing scheme, even in cases where the defendant expresses a desire to be executed. In Klokoc v. State, 589 So.2d 219, 221-22 (Fla.1991), we denied the defendant’s request to dismiss the direct appeal, stating that this Court required the benefit of an adversary proceeding to provide a meaningful review of both the judgment and the sentence. In Ocha v. State, 826 So.2d 956, 964 (Fla.2002), we explained that “Klokoc reiterates this Court’s interest in ensuring that every death sentence is tested and has a proper basis in Florida law.” The Court in Ocha also noted that a death-sentenced defendant may under certain circumstances waive his right to present mitigating evidence at trial, “yet have *910 appellate counsel appointed against his wishes.” Id.
While appellate counsel urges that we should now recede from Klokoc and Ocha, which require counsel to provide diligent appellate advocacy addressed to both the judgment and the sentence, a decision to depart from the principles of stare decisis cannot be taken lightly. “The presumption in favor of stare decisis is strong,” North Florida Women’s Health & Counseling Services, Inc. v. State, 866 So.2d 612, 637-38 (Fla.2003), although not unwavering. The doctrine is said to bend “where there has been a significant change in circumstances since the adoption of the legal rule or where there has been an error in legal analysis.” Brown v. Nagelhout, 84 So.3d 304, 309 (Fla.2012) (quoting Puryear v. State, 810 So.2d 901, 905 (Fla.2002)). The circumstances of this case meet neither of these requirements.
This Court has also made clear that in order to depart from stare decisis for an error in legal analysis, the “gravity of the error and the impact of departing from precedent must be carefully assessed.” Id. We have recognized sufficient gravity where the prior decision is “unsound in principle” or “unworkable in practice.” Id. (quoting Garcia v. San Antonio Metro. Transit Auth, 469 U.S. 528, 547, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985)). Again, the circumstances in this case meet neither of these requirements to justify departure from our established precedent, which has served to effectuate the duty of this Court to provide automatic, mandatory review of both judgments of conviction and sentences of death in capital cases.
We conclude that there is simply no reason to depart from our reliable, established, and necessary procedure for requiring current counsel to proceed with diligent appellate advocacy to facilitate our mandatory review in death penalty cases where the defendant, in effect, seeks this Court’s assistance in being put to death. By contrast, there are numerous reasons why a decision to recede from Klokoc and Ocha would be both erroneous and unwise, and would result in a serious threat to the soundness of Florida’s capital sentencing scheme — not the least of which is the disruption and delay that would be engendered by granting the motion to withdraw.
In sum, we discern no ethical violation in requiring current counsel to continue to prosecute this appeal fully for the benefit of the Court in meeting its statutory and constitutional duties. Accordingly, the motion to withdraw is hereby denied. Consistent with this Court’s prior precedent in analogous situations, and as requested in the motion, Robertson may seek leave to file a pro se supplemental brief setting forth his personal positions and interests with regard to the subject matter of the appeal. See Klokoc, 589 So.2d at 222.
It is so ordered.
LABARGA, C.J., and PARIENTE, LEWIS, and PERRY, JJ., concur.
PARIENTE, J., concurs with an opinion in which LABARGA, C.J., and PERRY, J., concur.
QUINCE, J., dissents.
CANADY, J., dissents with an opinion in which POLSTON, J., concurs.